ARGO E. LANDAU, JAMES SPENCER, WILLIAM SCHIELD, W. P. CHRISLER, FRED C. LAKE, JR., J. J. SCHLAFLY, and CITY OF ST. LOUIS, a Municipal Corporation, Intervenor, Respondents (Plaintiffs), v. SIDNEY LEVIN, Appellant (Defendant).—No. 40449.—213 S. W. (2d) 483.

Division One, July 12, 1948.

Rehearing Denied, September 13, 1948.

*John Grossman* for appellant.

*Sylvan Agatstein* for respondents (Plaintiffs) ; *George L. Stemmler,* City Counselor, and *Albert Miller,* Associate City Counselor, for respondent (Intervenor).

[484] CONKLING, J.—This action sought to enjoin an alleged violation of the St. Louis zoning ordinance. Defendant-appellant was enjoined and thereupon perfected his appeal. The action was in-

stituted by some of the property owners claimed to be affected. The City of St. Louis was permitted to intervene. Defendant raised certain constitutional questions. Hence our jurisdiction. For reasons hereinafter stated we have concluded that the judgment below must be affirmed.

The individual plaintiffs reside in and own their single family dwelling houses at 4466, 4463, 4434, 4441, 4360 and 4474 Westminster Place. Defendant owns the property known and designated as 4487 Westminster Place, located at the northeast corner of the intersection of Taylor Avenue and Westminster Place. Defendant, a physician, lives and has his office in number 4487, and rents office space in his house to eleven other physicians.

The different lots in the 4300 and 4400 blocks in Westminster Place were once restricted by deed to one family dwellings. Those deed restrictions expired in 1941. Defendant acquired his property, number 4487, in 1940. By the general zoning ordinance 35003, approved April 26, 1926, five use districts were established as (1) residence, (2) multiple dwelling, (3) commercial, (4) industrial, and (5) unrestricted.

By the original zoning ordinance in question here, No. 35003, the 4300 and 4400 blocks on Westminster Place were placed in the multiple dwelling classification, but by ordinance 36797, passed and approved in April, 1928, original ordinance 35003 was amended to classify the property in the above numbered blocks on Westminster Place as in the residence use district, i. e. single family dwellings. The two blocks, extending east and west, are bounded on the west by Taylor Avenue, and on the east by Boyle Avenue. The north and south boundaries are the east and west alleys lying north and south of the lots fronting Westminster Place. In his answer and in his testimony defendant conceded he rented office space in his house to the eleven doctors, contending that as no other office space was available in St. Louis for those physician tenants, he had, at great expense, remodeled his house and made office space thereby available to those members of his profession. Although warned by the city authorities not to convert his house into a commercial use office building defendant nevertheless proceeded to do so. The city denied his application for such an occupancy permit.

■ While there can no longer be any question of the constitutionality, in its general scope and purposes, of the St. Louis zoning ordinances (State ex rel. Oliver Cadillac Company v. Christopher, 317 Mo. 1179, 298 S. W. 720; Taylor v. Schlemmer, 353 Mo. 687, 183 S. W. (2d) 913), defendant contends that as to the applicability of the zoning ordinances to particular property, the constitutionality of the ordinances must further depend upon the facts of the particular case being considered. That contention we concede. Fairmont Investment Co. v. Woermann, 357 Mo. 625, 210 S. W. (2d) 36.

Defendant points to facts we hereinafter state and contends that such facts compel the ruling that the ordinances are unreasonable, oppressive, discriminatory and violative of due-process as to his property. (Const. U. S. Amend. 14; Const. Mo. Art. I, Sec. 10).

In the two Westminster Place blocks in question there are 54 quite large residences, the last of which was constructed about 1912. All were erected or purchased for single family residence purposes. For years many of the homes have been occupied by but a single family, or their descendants. Many of the houses have recently been modernized and reconstructed inside.

But defendant contends his property, at the corner of Taylor Avenue, essentially [485] partakes of the commercial aspect of its immediate neighborhood on Taylor Avenue and Olive Street; that Taylor Avenue is one of the principal commercial north and south arteries of trade; that immediately to the north of his home is the multiple floor Pasteur Building with many doctors and commercial offices, to which hundreds of patients come daily; that immediately east of the Pasteur Building is a public school; that the Lister Building, used for offices, is at Taylor and Olive Streets; that directly across Taylor Avenue is a large church extensively used by a large congregation for worship; that diagonally across Taylor Avenue is the Wednesday Club, much used by many people for social and civic meetings; that both Taylor Avenue and Olive Street (next north of Westminster) are commercial streets, upon which, in the adjoining blocks, are many businesses; that those streets carry heavy cross-city traffic of every kind; and that the Taylor Avenue entrance to his house is used exclusively. The exhibits filed here and the record testimony show the general neighborhood situation.

The record before us establishes the operation of defendant's property as a commercial enterprise; "they have a number, a considerable number of patients, and others, and there is a great deal of activities all day long, and a great number of cars parked there, and people going in and out"; that that character of use "has become quite an annoyance to the residents of the neighborhood"; that the plumbing facilities inside appellant's house were greatly expanded; that appellant's house has two wooden interior stairs, an increased fire hazard with the present office building use, but no fire escapes; that the zoning classification as made by the ordinances in question "is a reasonable determination of district boundaries", and "there has to be a boundary line somewhere"; that the fact that there are commercial uses of nearby property on Taylor Avenue and on Olive Street does not "affect the propriety of zoning this property exclusively for residential purposes"; that purchasers of residence property "seek districts which are zoned for single family dwelling use, in order that they may be free, so far as possible, from the noises, or

congestions, or odors, or other objectionable features, that may come from other commercial or industrial uses''.

In Taylor v. Schlemmer, supra, we recently considered the effect of these ordinances with respect to the use of the property at 4421 Westminster Place, the tenth house east of appellant's property, and in the same block. In that case defendant Schlemmer sought to use his house at 4421, in this same single family dwelling zone, as a multiple dwelling property of eight units to house sixteen people. We there upheld the ordinances here attacked and ruled that the zoning of the property there in question as a single family residence was not arbitrary, unreasonable or confiscatory.

Appellant, however, seeks to avoid the force of our ruling in Schlemmer's case, contending that under the instant facts it appears the zoning ordinances here in question, as to his property, do not promote the public health, safety or welfare.

Under the enabling act, and the city's police power to enact zoning ordinances, the city legislative body has the duty to determine the use classification to be given any particular area. Unless it should appear that the conclusion of the city's legislative body in the respect in issue here is clearly arbitrary and unreasonable, we cannot substitute our opinion for that of the city's Board of Aldermen in zoning the property in question, and establishing the boundary lines. If the city's action in zoning the property is reasonably doubtful or even fairly debatable we cannot do so. Taylor v. Schlemmer, supra; Mueller v. Hoffmeister Undertaking & Livery Co., 343 Mo. 430, 121 S. W. (2d) 775; Zahn v. Board of Public Works, 234 Pac. (Cal.) 388; Zahn v. Board of Public Works, 274 U. S. 325, 47 S. Ct. 594, 71 L. Ed. 325; City of Richmond Heights v. Richmond Heights Memorial Post Benev. Assn., No. 40817, 358 Mo. 70, 213 S. W. (2d) 479. All use restrictions and legislative enactments of the city of this character must be not only reasonable, they must not discriminate. They must further fairly tend to be of value and have substantial relationship to some purpose for which the city may exercise its police power. Glencoe Lime & Cement Co. v. City of St. Louis, 341 Mo. 689, 108 S. W. (2d) 143.

[486] Appellant's contention that the facts of record do not warrant a use classification for his property different from the commercial use property nearby and across Taylor Avenue and nearby on Olive Street has presented a question not free from difficulty. The case is a close one. But upon the evidence in the record now before us the use classification of the appellant's property on Westminster Place as single family dwelling clearly has a rational tendency to promote the public health, safety and welfare. State ex rel. Oliver Cadillac v. Christopher, supra; Miller v. Los Angeles Board of Public Works, 195 Cal. 477, 234 Pac. 381; Geneva Inv. Co. v. City of St. Louis, 87 Fed. (2d) 83; Taylor v. Schlemmer, supra; Village of Euclid v.

Ambler Realty Co., 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303; State ex rel. Civello v. New Orleans, 154 La. 271, 282, 97 So. 440, 444.

As observed in the Oliver Cadillac case the ordinance here attacked may properly be, and it obviously is, ''designed to lessen confusion in the streets; to secure safety from fire, panic and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population; to facilitate the adequate provisions of transportation, water, sewerage, schools, parks and other public requirements''. It is our view that under the instant facts, and as to appellant's property, the zoning classification now in question plainly tends to promote those general purposes. Appellant's contention that the ordinance in question deprives appellant of dominion over his property in an unreasonable manner and is unconstitutional because it does not promote the public health, public safety or the public welfare cannot be sustained.

We have carefully examined the cases cited by appellant and find them not in point here. The cases of Women's Kansas City St. Andrew Soc. v. Kansas City, 58 Fed. (2d) 593 and Forbes v. Hubbard, 348 Ill. 166, both strongly relied on by appellant, while well reasoned, are not conclusive here. In the first of those two cases the property there being considered was to be continued to be used as a residence thus maintaining the character of use provided by the zoning ordinance. Only twelve persons were to use the home at one time. Its exterior and interior remained unchanged, and always conformed to the ordinance. The facts in Forbes v. Hubbard, the Illinois case, quickly and sufficiently distinguish it from the facts presented by the record now before us.

For many years before the enactment of the zoning ordinance, and for many years thereafter, appellant's property, and the two blocks on Westminster Place were maintained as single family dwellings. Unlike the property considered in Glencoe Lime & Cement Co. v. St. Louis, supra, appellant's property is well adapted to the purposes for which it is zoned. The most that could be said for appellant's contention, that under the circumstances of record here, the use classification of his property is an unreasonable and arbitrary exercise of the police power, is that it is debatable. That being true it is the settled rule that this Court will not undertake to substitute its judgment for that of the city's legislative body which is charged with the primary duty and responsibility to settle that question. Appellant's relief, if any, must come from the legislative body of the city. The courts cannot grant it. Taylor v. Schlemmer, supra, State ex rel. Oliver Cadillac v. Christopher, supra, Village of Euclid v. Ambler Realty Co., supra.

84

■ Appellant further contends that the zoning ordinances have been repealed by implication. We cannot agree with this last contention.

Ordinance No. 43441, approved February 5, 1946, in terms in its preamble recited, "Whereas it is imperative that the city of St. Louis have additional housing space until June 30, 1947", etc., and amended Section 163 of the revised code of St. Louis, 1936. That war emergency housing ordinance, until July 1, 1947 only, permitted persons in a Residence District "to furnish persons with lodging or living quarters, with or without meals". The passage and approval of that ordinance did not repeal the general zoning ordinances of the city.

Ordinance 43441 was an amending ordinance only. It did not repeal *any* ordinance, [487] either expressly or by implication. For a limited time only, and as an emergency housing measure only, it amended Section 163. An examination of ordinance 43441 reveals that it expressly forbids structural changes in any property. That prohibition remained as before. Repeals by implication where there is colorable support for such contention are not favored in the law. In this instance even colorable support for appellant's contention is lacking. There was no repeal by implication, or otherwise, and appellant's insistence thereon is without merit.

■ We must rule that appellant has not met his burden of showing that the ordinance is unreasonable. It being merely debatable whether appellant should be permitted a commercial use of his property we cannot substitute our judgment upon that issue for the judgment of the body charged by law with the responsibility of determining that question.

Accordingly, therefore, the judgment and decree of the circuit court should be and is, in all things, affirmed. It is so ordered. All concur.