George W. DOWNING and Frances Downing, Respondents,

v.

The CITY OF JOPLIN, Missouri, Appellant.

No. 46409.

Supreme Court of Missouri,

Division No. 2.

April 14, 1958.

Loyd E. Roberts, Joplin, for appellant.

Roy Coyne, Jack Fleischaker, Joplin, for respondents.

STOCKARD, Commissioner.

The City of Joplin, Missouri, has appealed from the judgment of the circuit court, rendered in respondents' suit for a declaratory judgment, which held inapplicable to respondents' property the classification of District "D" (Local Business District), as provided by the comprehensive zoning ordinance of the city, said judgment being based on the determination that "such restriction is unreasonable and constitutes a violation of the 14th Amendment of the Constitution of the United States and of Section 10, Article I of the Constitution of the State of Missouri."

The property in question, known as 2331 East Seventh Street, was acquired by respondents on January 26, 1955. The city's zoning ordinance was enacted in 1949, and the area in which the property is located was zoned as District "D", or as a local business area. An amendment to the zoning ordinance was adopted in 1954, but the classification of what is now respondents' property was not changed. In 1949 the property was being used as a bus garage, which was a nonconforming use, but such use was permissible subsequent to the enactment of the ordinance because the property was lawfully being used for that purpose prior thereto. In the early part of 1952 the use of the property as a bus garage was discontinued, and the property remained vacant for more than two years. After respondents acquired the property they requested the city council to rezone it to permit them to use it for the operation of a supper club at which dancing and entertainment would be provided and at which intoxicating liquor by the drink could be sold. This request was denied. It is conceded that such use is not authorized in an area zoned as District "D", but that such a use would be permitted in an area zoned as District "E" for general business.

The area in which respondents' property is located, and which is zoned as District "D", is approximately twelve blocks long extending east and west along East Seventh Street. The area is approximately one block wide and extends one-half block to the north and one-half block to the south of the street. East Seventh Street is approximately twenty-six blocks in length and extends eastward from Main Street to the city limits. The present zoning indicates a varied use of the property facing on

this street because it is zoned to include separate areas for "general business", "light industrial", "heavy industrial", "apartment", "local business"; and "first dwelling house".

Mr. Harold Boyd, identified as the "Building Official" of the City of Joplin, made a survey of the uses of the property facing on East Seventh Street. This survey is shown by an exhibit consisting of twenty-six pages, each page representing one block. For example, by page one it appears that between Main and Virginia Streets on the south side of East Seventh Street there are located the Rex Cafe and Cities Service Station. On the north side there are located the Acme Radiator Service, Joplin Music Co. and Ace Bar. This block is in an area zoned for general business. In this manner the businesses are shown throughout the entire length of East Seventh Street, but there is no further explanation of the activities carried on by the various businesses except as to whether they constitute conforming or nonconforming uses as to the zoning classification of the area in which they are located. All of the businesses so shown on pages one through nineteen of the exhibit are conforming uses unless "there is outside repair work" done at what is designated as "Joe Burtrum Automobiles." All of the businesses shown on the remaining pages of the exhibit are conforming uses except what is designated as "New & Used Tractor Equipment", "O. K. Auto Salvage" and "Wagoner Mattress Co." These three businesses were in operation prior to the adoption of the zoning ordinance, and although they now constitute nonconforming uses, their continuance is authorized.

Based upon this evidence the trial court held that "the classification of the area in which plaintiffs' property [is located] * * as a District 'D', or local business area, is so unreasonable and arbitrary as to deprive the plaintiffs of the proper use of their property without due process of law, in violation of the Constitution of the United States and of the State of Missouri." The trial court made findings of fact and conclusions of law which we need not set out except to mention that the judgment of the court apparently was based, at least in part, on findings that in the neighborhood of respondents' property there are three nonconforming uses, and that East Seventh Street "is basically a business street" upon which there are "only thirty-nine residences," and that "the nature of the businesses" is such "which serve not only a particular area but are general in their nature, serving the entire community."

We review this nonjury case upon both the law and the evidence, and in doing so we make our own independent findings of fact. While we ordinarily give due regard to the opportunity of the trial court to judge the credibility of the witnesses, there is no occasion to do so in this case. We note that the one witness who testified did not testify to anything about which there is a dispute, and in addition the trial judge who rendered the judgment was not the trial judge who presided at the trial.

■ Several basic principles pertaining to zoning by cities are material and important to the determination of this case. The matter of "zoning and planning" by incorporated cities in counties which have 10,000 or more inhabitants is controlled by legislative enactment. Chapter 89, Sections 89.010–89.140, RSMo 1949, V.A.M.S.; Flora Realty & Investment Co. v. City of Ladue, 362 Mo. 1025, 246 S.W.2d 771. The act of a city in enacting zoning ordinances and thereby imposing restrictions on the use of property located within its limits is a legislative function, and the city legislative body has the right and duty "to determine the use classification to be given any particular area." Landau v. Levin, 358 Mo. 77, 213 S.W.2d 483 [2], 485. However, "The governmental power to interfere by zoning regulations with the general rights of the landowner by restricting the character of his use, is not unlimited, and, other questions aside, such restriction cannot be imposed if it does not bear a substantial relation to the public health, safety,

morals, or general welfare." Nectow v. City of Cambridge, 277 U.S. 183, 188, 48 S.Ct. 447, 448, 72 L.Ed. 842. In addition, when restrictions as to the use of property are made by a zoning ordinance, that ordinance " 'must rest upon some rational basis of classification and apply alike to all persons and things falling within a designated class.' " [362 Mo. 1025, 246 S.W.2d 778.] Flora Realty & Investment Co. v. City of Ladue, supra [3], State ex rel. Oliver Cadillac Co. v. Christopher, 317 Mo. 1179, 298 S.W. 720, 726; Landau v. Levin, supra [4].

■ Respondents did not challenge the power of the city to enact zoning ordinances, but contended that the restrictions of the zoning ordinance should be held inapplicable to their property because the restrictions were arbitrary and unreasonable. "A zoning ordinance may be valid in its general aspects, and yet as to a particular state of facts involving a particular owner affected thereby may be as to such owner so clearly arbitrary and unreasonable as to be unenforceable." Women's Kansas City St. Andrew Soc. v. Kansas City, Mo., 8 Cir., 58 F.2d 593, 599. However, a zoning ordinance, like other ordinances, is presumed to be valid. Flora Realty & Investment Co. v. City of Ladue, supra [6]; Vol. 8 McQuillin, Municipal Corporations, (3rd ed. rev.) § 25.295. The issue of reasonableness must turn upon the peculiar facts of each case, Landau v. Levin, supra [1], and the respondents, having challenged the constitutionality of the ordinance on the ground of unreasonableness as applied to their property, have the burden of proving unreasonableness. Flora Realty & Investment Co. v. City of Ladue, supra [6]; State ex inf. Taylor ex rel. Kansas City v. North Kansas City, 360 Mo. 374, 228 S.W.2d 762 [16]. But the courts cannot interfere with a discretionary exercise of judgment in zoning property, and "Unless it should appear that the conclusion of the city's legislative body in the respect in issue here is clearly arbitrary and unreasonable, we cannot substitute our opinion for that of

the city's * * * [council] in zoning the property in question, and establishing the boundary lines. If the city's action in zoning the property is reasonably doubtful or even fairly debatable we cannot do so." Landau v. Levin, supra [3]; Taylor v. Schlemmer, 353 Mo. 687, 183 S.W.2d 913 [5]; Mueller v. C. Hoffmeister Undertaking & Livery Co., 343 Mo. 430, 121 S.W.2d 775 [1].

■ The zoning of that area in which respondents' property is located as District "D", or as a local business area, was an action taken by the city's legislative body as a part of a comprehensive zoning plan for the entire city. Therefore, it is not proper to look only to the uses of the property located on East Seventh Street, as apparently the trial court did. In the findings of fact, particular mention was made of the fact that there were only 39 residences located along that entire street. Apparently this was deemed important as indicating that it was unreasonable to zone the twelve-block area in question for local business when there were so few residences. However, we note from the maps forming a part of the zoning ordinance that substantially all of the property to the north and to the south of the twelve-block area of East Seventh Street zoned for local business, both immediately adjacent thereto and for extended distances, is zoned for one or two family dwellings and for apartments. The area immediately adjoining respondents' property to the north is zoned for single family dwellings. While it may be true that East Seventh Street throughout its entire length of twenty-six blocks may be "basically a business street," as the trial court found, it is also true that the twelve-block area of East Seventh Street, which is zoned for local business and in which respondents' property is located, passes directly through the central portion of a very large area, comprising almost the entire eastern one-third of the city, which is zoned for one and two family dwellings and apartments, and in which is also per-

mitted the location of schools, parks, churches and other such activities.

The trial court also found that the nature of the businesses "located along Seventh Street" are general in their nature and are serving the entire community. This unquestionably was based, at least in part, on the proof of the types of businesses located on East Seventh Street outside of the area zoned for local business and outside of that area of East Seventh Street which passes through the central part of the residential district. Our examination of the record in this case discloses that in the twelve-block area zoned for local business there are but three and possibly four (if there is outside work done at the place previously referred to) businesses out of a total of 36 which do not meet the requirements of the zoning ordinance as a local business. In addition, 35 of the 43 (the trial court found 39) residences located on East Seventh Street are within the twelve-block area zoned for local business, and there are several vacant lots.

Sections 89.020 and 89.030, RSMo 1949, V.A.M.S., expressly authorize the city to regulate, for the purpose of promoting health, safety, morals, or the general welfare of the community, the "use of buildings" and to divide the municipality into districts of such number, shape and area as may be best suited to carry out such purposes. It is obvious, without further elaboration, that the exercise of the police power, as evidenced by the zoning of the area here involved to the uses prescribed in the ordinance and under the circumstances shown by the record, was reasonably calculated to promote the health, safety, morals or the general welfare of the community. As stated in Flora Realty & Investment Co. v. City of Ladue, supra, "the police power, as evidenced by the zoning ordinance, is not limited to the mere suppression of offens[iv]e uses of property, but may act constructively for the promotion of the general welfare."

Here the city legislative body has determined that for the purpose of promoting health, safety, morals, or the general welfare, that that twelve-block portion of East Seventh Street which passes through a large area limited in its use to family dwellings and apartments, should be limited in its use, except as to those few businesses previously operating, to the specified activities which have legislatively been determined to constitute local business. Whether that was the wisest determination or whether the city council exercised the best judgment in the matter are not issues for determination by the courts, but the record before us unquestionably demonstrates that the classification rests on a rational basis and is reasonable and not arbitrary. The fact that respondents may not be able to use their property for the specific purpose desired does not of itself make the restriction unreasonable. "Every valid exercise of the police power is apt to affect the property of some one adversely." Flora Realty & Investment Co. v. City of Ladue, supra [8].

Viewing the restriction on respondents' property as a part of a comprehensive zoning plan, there can be no doubt of its validity. But in any event, "the issue is fairly debatable and, in respect to the classification of [respondents'] property, the [zoning] ordinance in that respect is valid." Flora Realty & Investment Co. v. City of Ladue, supra [9].

That part of the judgment of the trial court from which this appeal is taken is reversed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.