**STATE of Missouri ex rel. MANCHESTER IMPROVEMENT CO., Inc., Appellant,**

v.

**CITY OF WINCHESTER, a Municipal Corporation, Herbert Dyck, Mayor, James Rigley, Alderman, Wayne Kossman, Alderman, Richard Zielmann, Alderman, Ronald M. Lloyd, Alderman, and Edward R. Dabler, Building Commissioner, Respondents.**

No. 51614.

Supreme Court of Missouri, Division No. 1.

March 14, 1966.

Robert C. Jones, Ziercher, Tzinberg, Human & Michenfelder, Clayton, for appellant.

Boedeker & Weil, Edgard G. Boedeker, Clayton, for respondents.

HIGGINS, Commissioner.

Mandamus to compel respondents to issue a permit. Upon trial the alternative writ

was quashed and relator's prayer for an absolute writ was denied. The question is whether Winchester's zoning ordinance as applied to appellant is unconstitutional and void in violation of Article I, Section 10, Constitution of Missouri, V.A.M.S.

The facts were stipulated: Relator owns Lots 1–10 and 20–27, Block 15, Manchester Hills, a subdivision of land in Winchester, a city of the fourth class in St. Louis County, Missouri, and said real property is zoned "B" Commercial District by Winchester's Ordinance 103. Respondent officials are charged with the duties of issuing building permits, and relator duly applied for a building permit for construction of a gasoline filling station on a part of its land at the southeast corner of Manchester Road and Lindy Boulevard. Although relator had done all things and taken all actions required for issuance, the permit was refused for the reason that Ordinance 103 provides that a special permit must be obtained in order to erect a gasoline filling station in "B" Commercial District.

Relator then applied for and was denied a special permit under Section VIII of the ordinance which provides: "The Board of Aldermen may by special permit after public hearing authorize under such conditions as it may determine the location of any of the following * * * in a District from which they are prohibited or limited * *.

"j) Gasoline or oil filling stations in the 'B' Commercial District."

Winchester's population is 1,350 and it contains some 375 single family dwellings and one delicatessen. It fronts for one-half mile on the south side of Manchester and is bounded on the west by the City of Ballwin and on the east by the City of Manchester. Manchester contains four gasoline stations and Ballwin has ten. The nearest such station to Winchester in Manchester is diagonally adjacent to Winchester at Sulpher Springs Road, and in Ballwin the nearest station is three-tenths' mile west of the west limits of Winchester. Relator's property is four-tenths' mile from the nearest station on the east and five-tenths' mile from the nearest on the west.

Appellant contends that the court erred in not issuing a peremptory writ of mandamus ordering respondents to issue the requested permit "because there were no standards in section VIII of the zoning ordinance * * * applicable to special use permits, and that, consequently, said section VIII was null, void and unconstitutional and thereby ordinance No. 103 (zoning ordinance) as applied to relator's property violated Article I, Section 10, of the Constitution of the State of Missouri, 1945."

When the legislative body of a city chooses, as Winchester did here, to delegate to itself the discretionary power to enforce its special permit regulation, it acts administratively in passing on applications for such permits and in thus enforcing the legislation previously enacted; and such discretion must be circumscribed by sufficient standards to require it to be reasonably, not arbitrarily, exercised. State ex rel. Ludlow v. Guffey, Mo., 306 S.W.2d 552, 556 [1–3], 558 [5]. In State v. Guffey, supra, the court held that Section 13 of the Webster Groves zoning ordinance contained sufficient standards for the guidance of the administrator. That ordinance provided, l. c. 554: " 'The City Council may, by special permit after public hearing, authorize the location of any of the following buildings or uses in any district from which they are prohibited by this ordinance.' Then follow twelve numbered 'buildings or uses' including, as number 11, gasoline and oil filling stations, restricted, however, to C and D commercial districts and E industrial district." The ordinance then makes provisions absent from the Winchester ordinance: " 'Before issuance of any special permit for any of the above buildings or uses, the City Council shall refer the proposed application to the City Plan Commission, which Commission shall be given sixty (60) days in which to make a report regarding the effect of such proposed build-

ing or use upon the character of the neighborhood, traffic conditions, public utility facilities and other matters pertaining to the general welfare. No action shall be taken upon any application * * * unless the report * * * has been filed; provided, however, that if no report is received from the Plan Commission within sixty (60) days, it shall be assumed that approval of the application has been given by the said Commission.' " State v. Guffey, supra, I. c. 554. Winchester's Section VIII does not contain any such standards, nor any standards at all, and it is, therefore, unconstitutional.

■ Appellant concedes, however, that it is entitled to no relief "unless this Court further finds that the Ordinance, devoid of the Special Use Permit section, is unconstitutional as it applies to Relator's property." Relator thus recognizes that even after Section VIII is determined to be unconstitutional it is left with land in "B" Commercial District which cannot be used for a gasoline filling station because such is not a permitted use in "B" Commercial District under Ordinance Section V. Its burden, then, is that of proving further that failure to provide for gasoline filling stations in "B" Commercial District renders Winchester's zoning ordinance unconstitutional and void. Flora Realty & Inv. Co. v. City of Ladue, 362 Mo. 1025, 246 S.W.2d 771, 778 [6].

Appellant cites Huttig v. City of Richmond Heights, Mo., 372 S.W.2d 833, 842 [4], for the proposition that a city in its own zoning is not bound by the zoning of abutting municipalities but must consider the matter "at least to some extent, from a regional standpoint." Appellant points to the Winchester frontage on Manchester Road, the abutting municipalities of Ballwin and Manchester containing ten and four gasoline stations, the location of appellant's property at the corner of Lindy and Manchester, the number of dwellings and the delicatessen, and argues that such things show the classification of appellant's prop-

erty and the limitation against gasoline stations to be invalid, arguing further that there is no justifiable reason for the exclusion of gasoline filling stations because they are a use similar to other "B" District uses.

■ Ordinance 103 is a comprehensive zoning plan for the City of Winchester. Its Section V contains the regulations for the city's "B" Commercial District and permits some 20 office and commercial uses. Contrary to appellant's argument, the ordinance does not provide for any uses similar to gasoline filling stations. Rather, all uses relating to automobile traffic are prohibited, e. g., restaurants are permitted but not drive-in restaurants; retail stores and shops are permitted but not retail automobile sales; sales or showrooms are in, but automobile sales or showrooms are out. The question thus becomes whether, under the agreed facts and particularly those urged above by appellant, Winchester's exclusion of gasoline filling stations is arbitrary and unreasonable in respect to relator's property; and the rule is that, if the question is fairly debatable, the ordinance must be upheld as valid. Wrigley Properties, Inc. v. City of Ladue, Mo., 369 S.W.2d 397, 400 [2]; Downing v. City of Joplin, Mo., 312 S.W.2d 81; Flora Realty & Inv. Co. v. City of Ladue, supra.

■ The agreed facts and the pleadings do not challenge the power of Winchester to enact its zoning ordinance, nor do they suggest that it is not a comprehensive plan related to the statutory purposes of zoning, that there was any lack of due process surrounding its enactment, or that it is not uniform in application thereby discriminating against relator. Such stipulation shows only that Winchester is, with the exception of a delicatessen, a small town consisting entirely of single-family residences and that it is bounded by two cities in which there are some fourteen gasoline filling stations, at least one of which is as near as four-tenths' mile from relator's property. Huttig v. City of Richmond Heights, supra. That relator may not use

its property for the desired purpose does not of itself make the ordinance unreasonable, Downing v. City of Joplin, supra, 312 S.W. 2d 1. c. 85 [6], and, on the record thus presented, it cannot be said that this ordinance is unreasonable or arbitrary. Certainly, the issue is fairly debatable and, concerning the classification of relator's property, the zoning ordinance in that respect is valid.

The judgment is affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.