Zefferino GAVOSTO and Julia Gavosto, Appellants,

v.

TOWN OF NORMANDY, Missouri, Thomas J. O'Donnell, Mayor of the Town of Normandy, Missouri, and Thomas J. O'Donnell, John A. Schreber, James Westbury, Wayne Stout and Homer Doerr, Members of the Board of Trustees of the Town of Normandy, Respondents.

No. 53942.

Supreme Court of Missouri, Division No. 2.

July 14, 1969.

Peter Ferrara, St. Louis, for appellants.

Padberg, Raack, McSweeney & Slater, R. J. Slater, St. Louis, for respondent.

PRITCHARD, Commissioner.

Plaintiffs' petition is for a declaratory judgment that Zoning Ordinance No. 66 of the Town of Normandy, Missouri, which zoned and classified their property as "B" Single Family Districts, is violative of certain statutes, and that it is unconstitutional in that it deprives plaintiffs of their property without due process of law; and that as applied to their property the ordinance is unreasonable, arbitrary, discriminatory, and illegal, so as to amount to a confiscation of same. The petition states that plaintiffs have made application on three separate occasions for rezoning of their property to multiple dwelling use; that the Planning and Zoning Commission unanimously recommended to the Board of Trustees that the property be rezoned as requested, but that the latter body refused to do so.

Trial was to the court, and at the close thereof counsel for defendants moved: "If in effect Judge, I would be thinking that I would be filing a motion along the line of dismissing and not granting any relief except to the issue of constitutionality of the zoning as it presently is constituted. THE COURT: Your motion will be sustained as put, your oral motion for directed verdict,

with respect to the portion of the prayer, other than deciding the constitutionality of the zoning as applied to this particular parcel is sustained." The court then discussed the opinion in State ex rel. Sheridan v. Hudson, Mo.App., 400 S.W.2d 425, involving the same property, and said further: "And, as far as best use of the property in question would be multiple family rather than be resident single family. But, there is still the problem of ingress and egress to this particular tract of land. * * * I would not say to the Town of Normandy, now I have held this ordinance unconstitutional as to this particular parcel of ground. Now that I have done that, without any consideration of the road, now I am going to compel you to issue them a special permit to run a street in here with only a twenty foot wide paved street for the purposes of serving forty units of multiple. * * * Well, this time, there is no question whatsoever but the issue of constitutionality has been fully raised and tried in this issue. And, some of the ordinance is unconstitutional as applied to this 1.886 acres."

The court did not enter a formal decree specifically declaring that the ordinance, as applied to plaintiffs' property, is unconstitutional, but it is clear from the foregoing that the constitutional issue was presented and was ruled favorably to plaintiffs. In such case there is no constitutional question before this court, defendants not having filed a cross-appeal raising this issue. "If the constitutional question is decided in the plaintiff's favor, he may not appeal to the supreme court on constitutional grounds." December, 1964, Wash.Univ. Law Q., p. 472. In the case of Community Fire Protec. Dist. of St. Louis County v. Board of Education of Pattonville Consol. School Dist. R–3, Mo., 312 S.W.2d 75, 76, it was held that a party asserting a constitutional question in this court must be able to show that he claimed some constitutional right, which was de-

nied him in the trial court, or that a constitutional question was ruled to his disadvantage in his adversary's favor.

The only thing that remains for disposition on appeal is the issue of whether the Board of Trustees of the Town of Normandy could refuse the requested rezoning upon the basis that an improved "Half Street" twenty feet in width would be the means of ingress and egress to and from the property. Plaintiffs' motion for new trial does not assert that any constitutional question is embodied in the trial court's ruling in favor of defendants on this issue. Rather, the motion and the points on appeal relate to the alleged improper action of the court in receiving evidence, over objection, of the roadway of ingress and egress to and from plaintiffs' property, and in receiving evidence of the ordinances of the Town of Normandy regulating the width of streets, which plaintiffs say were not issues in the case.

Title to real estate is not disputed, there exists no monetary jurisdiction, and, in short, no constitutional question is presented for review.

The case is transferred to the St. Louis Court of Appeals.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

DONNELLY, P. J., and FINCH and HOLMAN, JJ., concur.

MORGAN, J., not sitting.