**Zefferino GAVOSTO and Julia Gavosto, Plaintiffs-Appellants,**

v.

**TOWN OF NORMANDY, Missouri, Thomas J. O'Donnell, Mayor of the Town of Normandy, Missouri and Thomas J. O'Donnell, John A. Schreber, James Westbury, Wayne Stout and Homer Doerr, Members of the Board of Trustees of the Town of Normandy, Defendants-Respondents.**

No. 33624.

St. Louis Court of Appeals, Missouri.

Feb. 24, 1970.

Peter Ferrara, St. Louis, for appellants.

Padberg, Raack, McSweeney & Slater, St. Louis, for respondents.

DOWD, Judge.

This is a declaratory judgment suit in which plaintiffs, as owners of a tract of land in the Town of Normandy, sought to have the court declare Zoning Ordinance No. 66, which zoned and classified their property as "B" Single Family District for one-family dwellings, unreasonable, uncon-

stitutional, unlawful and void as it applies to their property.

The court was further asked to direct the defendants to issue permits for the construction of multiple dwellings, streets, roads for ingress and egress, sewers and sanitary facilities.

The petition further alleges that because of the landlocked condition of the property, the topography, the cost of building a suitable road, the proximity to Interstate Highway 70 and the Wabash Railroad right-of-way the only suitable use is for multiple dwellings. The petition states that Ordinance No. 66 as it applies to their property is unconstitutional in that it deprives plaintiffs of their property without due process of law and amounts to a confiscation of their property.

The petition also states that on three separate occasions the plaintiffs made application to the Planning and Zoning Commission for rezoning of the property to multiple dwelling use and this commission recommended to the Board of Trustees that the property be rezoned but that the Board of Trustees refused to do so.

Plaintiffs in 1932 purchased about eight acres of land in the Town of Normandy, St. Louis County, Missouri. Later, the highway department purchased about two acres from plaintiffs for Interstate Highway 70. Plaintiffs are now owners of a pie-shaped tract of land of about five acres consisting of three undivided parcels. The southern parcel consists of about 2.35 acres of undeveloped ground leading to a natural drainage ditch. The northern parcel of about 1.33 acres is improved with two individual residences, single family homes occupied by the plaintiffs and their son and family. The third parcel of about 1.886 acres is located between the north and south parcels and plaintiffs seek to rezone this tract for multiple dwelling use in order to construct a townhouse multiple project of approximately 42 units. There are other multiple dwellings in the area.

In May of 1966 plaintiffs applied for rezoning of this 1.886 acres tract from single family to multiple dwellings. This rezoning was recommended by the Planning and Zoning Commission but the Board of Trustees, which is the legislative body of Normandy, voted to deny the rezoning.

Plaintiffs' expert witnesses testified to the following effect: It would be uneconomical to develop this tract for single family residential use. Because of the high cost of utility improvements and land development, which is estimated to be $92,500, it would be a losing proposition to develop this tract for single family dwellings and that the best use of the tract would be multiple dwellings. If the property were rezoned to multiple dwelling use it would have a value of $35,000 to $40,000. As it is presently zoned it has little or nominal value.

The only access to this property is by a one lane, unpaved road 20 feet wide, surfaced with rock chat, called Half Street, approximately 1600 feet long which leads to Bermuda Road. The plaintiffs do not have title to the ground on which Half Street is located nor do they have a written document establishing their right to use the street but they have used this street for over 30 years. Half Street has been dedicated but not accepted. It is not maintained by either St. Louis County or the Town of Normandy. It is maintained by the plaintiffs. Half Street is dusty when dry and during the winter months it becomes soggy making its use difficult for the plaintiffs. Additional ground would have to be purchased to widen the street. Plaintiffs' son testified that the Town of Normandy required a twenty-six foot wide road, paved with six inches of concrete.

There are no storm or sanitary sewers or gas, water or utilities on this particular parcel. There were no sewer plans submitted to the Metropolitan Sewer District for approval.

After the plaintiffs closed their case, the defendants filed an oral motion to dismiss

and asked that no relief be granted "except to the issue of the constitutionality of the zoning" as it applied to this property. The court ruled: "Your motion will be sustained as put, your oral motion for directed verdict, with respect to the portion of the prayer, other than deciding the constitutionality of the zoning as applied to this particular parcel is sustained. * * *" The opinion in State ex rel. Sheridan v. Hudson, Mo.App., 400 S.W.2d 425 which involved a prior attempt by plaintiffs to build multiple dwellings on this same tract, was then discussed by the trial court. The court in *Hudson* held that under the zoning ordinance in effect the Board of Adjustment of Normandy had no power to grant the Gavostos authority to use the property for a use other than for which it was zoned. However, the court in *Hudson* stated at l.c. 428, " * * * we are of the opinion that from the factual standpoint the Board of Adjustment, and the court, were amply justified in granting the Gavostos the right to use their property for a non-conforming use, that is, a use other than that for which it was zoned. We reach this conclusion, as did both the Board and the court, because of the obvious practical difficulties which prevent them from economically using it for single family dwellings, and because to deny them the right to use it for multiple dwellings would be tantamount to a taking or confiscation in the constitutional sense. Huttig v. City of Richmond Heights, Mo., 372 S.W.2d 833."

The court in *Hudson* at l.c. 430 then pointed out in passing that in Fairmount Inv. Co. v. Woermann, 357 Mo. 625, 210 S.W.2d 26, " * * * a similar ordinance of the City of St. Louis was held void on the grounds that there were not prescribed therein uniform standards or tests which imposed proper restrictions on the exercise of the police power granted to the Board of Adjustment; and that the court's view of the constitutional invalidity of the ordinance as expressed in Fairmount Inv. Co. v. Woermann, supra, was confirmed in the relatively recent case of State ex rel. Lud-

low v. Guffey, Mo., 306 S.W.2d 552, an en banc decision."

The trial court in explaining its dismissal stated: " * * * And, as far as best use of the property in question would be multiple family rather than be resident single family. But, there is still the problem of ingress and egress to this particular tract of land. * * * I would not say to the Town of Normandy, now I have held this ordinance unconstitutional as to this particular parcel of ground. Now that I have done that, without any consideration of the road, now I am going to compel you to issue them a special permit to run a street in here with only a twenty foot wide paved street for the purposes of serving forty units of multiple. * * * Well, this time, there is no question whatsoever but the issue of constitutionality has been fully raised and tried in this issue. And, some of the ordinance is unconstitutional as applied to this 1.886 acres. * * *" Plaintiffs appealed.

This appeal was first heard in the Supreme Court on the ground that there was a constitutional question involved. The Supreme Court in Gavosto v. Town of Normandy, Mo., 442 S.W.2d 533 transferred the appeal to this court holding that there was no constitutional question before that court and stated, at l.c. 534: "The court did not enter a formal decree specifically declaring that the ordinance, as applied to plaintiffs' property, is unconstitutional, but it is clear from the foregoing that the constitutional issue was presented and was ruled favorably to plaintiffs. In such case there is no constitutional question before this court, defendants not having filed a cross-appeal raising this issue. 'If the constitutional question is decided in the plaintiffs' favor, he may not appeal to the supreme court on constitutional grounds.' December, 1964, Wash. Univ. Law Q., p. 472. * * *"

The plaintiffs here asked the court to declare this ordinance unreasonable, unconstitutional and void as it applied to their 1.886 acres tract of land because the effect

of the ordinance was to deprive plaintiffs of their property without due process of law and amounted to a confiscation of their property. Secondly, the plaintiffs asked for an order directing the defendants to issue permits *"as may be necessary under the ordinances of the Town of Normandy"* to erect multiple dwellings, to build streets and roads for ingress and egress and to build sewers and sanitary facilities.

█ The plaintiffs having challenged the constitutionality of the ordinance on the ground of unreasonableness as applied to their property, have the burden of proving unreasonableness. Downing v. City of Joplin, Mo., 312 S.W.2d 81[4]; Flora Realty & Inv. Co. v. City of Ladue, 362 Mo. 1025, 246 S.W.2d 771[6]. The issue of reasonableness must turn upon the peculiar facts of each case. Landau v. Levin, 358 Mo. 77, 213 S.W.2d 483[1]. The plaintiffs sustained this burden and the trial court held this ordinance unconstitutional as it applied to plaintiffs' 1.886 acres tract.

After the constitutional issue was decided in plaintiffs' favor, the remaining issue for the trial court was whether plaintiffs were entitled to permits *necessary under the ordinances of the Town of Normandy* to erect multiple dwellings and permits to construct streets and roads and to build sewers and sanitary facilities.

The trial court denied plaintiffs any further relief because plaintiffs failed to establish ingress and egress for the proposed construction of multiple dwellings of 42 units.

Plaintiffs contend on this appeal that the trial court erred in basing its dismissal of plaintiffs' petition on the issue of ingress and egress. Plaintiffs contend that ingress and egress was not an issue because it was not made an issue by plaintiffs' petition and was not pleaded in defendants' answer. We disagree. Ingress and egress was made an issue by plaintiffs' petition and by the judgment the plaintiffs were asking from the trial court. Plaintiffs asked for permits to erect multiple dwellings, permits to construct streets and roads and permits to build sewers and sanitary facilities *as may be necessary under the ordinances.* However, plaintiffs have failed to plead or show that they have complied with these ordinances. Plaintiffs' son testified that Half Street is 20 feet wide, unpaved and surfaced with rock chat but that the Town of Normandy required a road 26 feet wide, paved with six inches of concrete. Plaintiffs submitted no plans for the construction of a road to this property to any administrative agency of the Town of Normandy or to the trial court showing a compliance with the existing ordinance regulating roads and streets.

█ There was other testimony on behalf of plaintiffs which referred to "existing ordinances of Normandy," "existing building ordinances of the Town of Normandy," and ordinances regulating the material used in construction. Plaintiffs have failed to show that they are entitled to these permits and failed to show a compliance with the ordinances regulating the construction of multiple dwellings, the roads and streets, and the sewers and sanitary facilities. As the court stated in Fleming v. Moore Bros. Realty Co., 363 Mo. 305, 251 S.W.2d 8[3]: "Zoning regulations are distinct in character from building regulations but such regulations are not necessarily inconsistent with each other and both sets of regulations may remain in full force at the same time. 62 C. J.S., Municipal Corporations, § 224, page 409." Even though the zoning has been declared unconstitutional, plaintiffs must comply with the pertinent building ordinances before being entitled to these permits.

After the trial, plaintiffs' attorney in discussing with the court the relief requested stated: "I don't know if the court can order the permits to be issued," and "the permit question might possibly be a subject at a later date." We agree with the comments of plaintiffs' attorney.

Therefore, the trial court having ruled that Ordinance No. 66 is unconstitutional as it applies to plaintiffs' 1.886 acres tract and the defendants not having filed a cross-appeal of the court's ruling as to the constitutionality of the ordinance, zoning cannot be used as a bar to the construction of multiple dwellings provided plaintiffs comply with the existing administrative procedures and comply with the applicable ordinances regulating the construction of multiple dwellings, streets and roads, sewers and sanitary facilities.

The judgment is affirmed.

WOLFE, P. J., and BRADY, J., concur.