ERIGAN COMPANY, INCORPORATED, et al., Plaintiffs-Appellants,

v.

TOWN OF GRANTWOOD VILLAGE, et al., Defendants-Respondents.

No. 43657.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 23, 1982.

Motion for Rehearing and/or Transfer
Denied April 16, 1982.

Donald C. Anton, St. Louis, for petitioners-appellants.

Robert J. Koster, St. Louis, for defendants-respondents.

DOWD, Presiding Judge.

This is an appeal from a circuit court's dismissal of a petition to review application for rezoning or special use permit.

Petitioners own a residentially-zoned vacant tract of land in the Town of Grantwood Village (hereinafter Town) on which they wish to construct a building for commercial use. Toward that end, they applied to the Town Zoning Commission for either a rezoning of their tract to commercial, or a special use permit allowing commercial use of their land. When the Commission denied both requests, petitioners appealed to the Board of Trustees of the Town. After a public hearing, the Board upheld the denials. Petitioners then petitioned the Circuit Court of St. Louis County for review of the Board's action. The circuit court, finding the Town's special use ordinance invalid and the residential classification of the subject property not unreasonable or arbitrary, dismissed the petition.

On appeal petitioners contend essentially that the circuit court erred in failing to find that the Board's refusal to rezone or issue a special use permit was arbitrary and unreasonable. They also argue that the court erred in finding the special use ordinance invalid.

We first address the issue of rezoning. Zoning, rezoning, and refusals to rezone are legislative acts. *Vatterott v. City of Florissant,* 462 S.W.2d 711, 713 (Mo. 1971). As to such acts, a reviewing court may only assess whether the legislature has exercised its powers arbitrarily and unreasonably. *City of St. Joseph v. Hankinson,* 312 S.W.2d 4, 8 (Mo.1958). If the evidence shows that the action of the legislative body was fairly debatable, the court may not interfere with the legislative function. *Binger v. City of Independence,* 588 S.W.2d 481, 485 (Mo.banc 1979). Furthermore, a zoning ordinance carries a presumption of validity; a party challenging the reasonableness of the ordinance as applied to specific property bears the burden of proving unreasonableness. *Vatterott v. City of Florissant,* 462 S.W.2d at 713. This court must therefore review the evidence to decide whether the issue of rezoning before the Board of Trustees was fairly debatable. If substantial evidence supports both positions, then the legislative determination is conclusive. *City of Olivette v. Graeler,* 369 S.W.2d 85, 96 (Mo.1963).

The record discloses that the zoning ordinances of the Town date back to the Town's incorporation in 1937. At that time, all of the Town received a residential classification except for a parcel of land at the northwest corner of Gravois and Laclede Station Roads. That parcel, the site of a restaurant erected in 1933, received a commercial classification; it also abuts the eastern boundary of the tract in question. The Town annexed Grant's Farm in 1966. Two years later the Town issued its sole special use permit to Superior Electric Company, allowing it to occupy a storage garage behind the restaurant and on the same tract. No rezoning has occurred since 1937. The Town now consists of 332 single family

residences, Grant's Farm, and the single commercially-zoned tract.

Petitioners' tract consists of four lots facing Gravois Road west of the restaurant. Contending that the property's location makes it undesirable for residential use, petitioners sought a rezoning of their land to commercial. They proposed to build on the site a structure of two and one-half stories containing rental space for offices and retail shops. Their plan also included a 120-car parking lot, outdoor lighting, and an additional turn lane on Gravois Road.

The transcripts of hearings before the Zoning Commission and the Board of Trustees reflect some members' concern with possible traffic and drainage problems if the plan were executed. Persons residing near petitioners' property appeared at both hearings to oppose the rezoning and to emphasize the availability of nearby shopping center services.

Along Gravois Road west of petitioners' property, the land is zoned either residential or residential-recreational (Grant's Farm). Other residentially-zoned property adjoins petitioners' land on the north. In fact, Grantwood Village is completely residential with the exceptions of Grant's Farm and the tract at Gravois and Laclede Station Roads. Petitioners' proposed use contrasts with the use of practically the entire Town. Although petitioners point to commercial development in areas contiguous to the Town, such development does not mandate that zoning ordinances yield to an individual's business aspirations for a section zoned residential. *See Tealin Co. v. City of Ladue*, 541 S.W.2d 544, 549 (Mo. banc 1976). "The mere fact that property across the highway or even in an adjoining area is zoned business is not conclusive, if the city's action is 'reasonably doubtful or even fairly debatable' . . . ." *City of Monett v. Buchanan*, 411 S.W.2d 108, 114 (Mo.1967).

One of the purposes of municipal zoning ordinances is to promote the general welfare of the community. Section 89.020, RSMo 1978. Such ordinances are to "be made with reasonable consideration, among other things, to the character of the district . . . ." Section 89.040, RSMo 1978. The Board of Trustees is thus empowered to zone so as to preserve the Town's residential character. We find there is evidence that rezoning to allow the proposed construction would change the character of the community. The issue before the Board was therefore fairly debatable and its refusal to rezone was not arbitrary or unreasonable. *See Vatterott v. City of Florissant*, 462 S.W.2d 711, 713 (Mo.1971).

We now turn to the matter of the special use permit. The circuit court did not rule on the reasonableness of the denial of the permit since it found that the Board of Trustees' decision did not comply with statutory procedural requirements.[1] Remand to the Board for compliance became unnecessary, however, when the court further found the special use ordinance unconstitutional and void because it failed to specify uses. Petitioners contend that the court erred in so finding.

The ordinance in question is Section 405.-09 of the Zoning Rules and Regulations of the Town, entitled "Special Uses." The relevant portions state:

A. In addition to the buildings or uses herein permitted the Board of Trustees shall have authority to permit by special ordinance, subject to the conditions set out in subsection (B), special uses in the various districts which it is appropriate to allow because of their unusual characteristics or the service they provide the public.

B. * * *

After such hearing, the Board shall determine whether such building or use will:

1. Substantially increase traffic hazards or congestion.

---

1. Section 536.090 RSMo 1978 requires a decision governed by the Administrative Procedure and Review Act to "include or be accompanied by findings of fact and conclusions of law." One of petitioners' points on appeal is that the court erred in not finding the Board's noncompliance with this requirement to be an abuse of discretion. Our ruling as to the validity of the special use ordinance, however, obviates any further discussion of this point.

2. Substantially increase fire hazards.

3. Adversely affect the character of the neighborhood.

4. Adversely affect the general welfare of the community.

5. Overtax public utilities.

If the findings of the Board of Trustees be negative as to all the subjects referred to in 1., 2., 3., 4., and 5. above, then the application shall be granted; if affirmative as to any subject, then such permit shall be denied.

We note, as did the circuit court, that the ordinance fails to specify which uses or buildings are eligible for a special permit in the absence of the enumerated conditions.

The special use technique presupposes a legislative determination of allowable property uses. 3 A. Rathkopf, The Law of Zoning and Planning § 41.01 at 41–4 (1981). A zoning board issues a special permit for a land use which the legislative body has explicitly authorized in a designated zone. 2 P. Rohan, Zoning and Land Use Controls § 13.04[2][a] at 13–50 (1981). In considering a special permit application, the board must first "determine if the proposed use falls within a permitted category of special exception uses. This question is a threshold inquiry, before the board can even reach the issue of compliance with the general criteria of the zoning ordinance such as congestion and overcrowding." 6 P. Rohan, *supra*, § 44.02[2] at 44–27. The cited zoning authorities clearly contemplate that a special use ordinance will enunciate which uses are allowable.

■ The Board of Trustees acts administratively in enforcing its previously enacted special use ordinance. *State ex rel. Manchester Improvement Co. v. City of Winchester*, 400 S.W.2d 47, 48 (Mo.1966). The discretionary power to issue special permits must be limited by standards sufficient to assure it will be exercised in a reasonable and nonarbitrary manner. *Id.* Since authorized uses are notably absent in Section 405.09, the ordinance lacks standards to ensure its reasonable enforcement.

We agree with the circuit court that the special use ordinance is therefore invalid.

The judgment is affirmed.

GUNN and SIMON, JJ., concur.