J.J. TRAINOR and Leroy D. Michael,
Plaintiffs-Appellants,

v.

The CITY OF WHEAT RIDGE, Colorado, a municipal corporation; the City Council of Wheat Ridge, Colorado; and Pat Aiello, Will Burt, Kent Davis, Clyde E. Hobbs, Ken Lewis, Larry Merkl, Kay Ore, and Nancy Snow, as members of the City Council of the City of Wheat Ridge, Colorado, Defendants-Appellees.

No. 83CA1273.

Colorado Court of Appeals,
Div. I.

Oct. 25, 1984.

Rehearing Denied Nov. 23, 1984.

Certiorari Denied March 11, 1985.

Boatright & Boatright, Gerald E. Boatright, Wheat Ridge, for plaintiffs-appellants.

McMartin, Burke, Loser & Fitzgerald, P.C., John E. Hayes, Englewood, for defendants-appellees.

PIERCE, Judge.

Plaintiffs, J.J. Trainor and Leroy D. Michael, appeal the trial court's entry of summary judgment dismissing plaintiffs' complaint for declaratory relief and granting declaratory relief in favor of defendant, City of Wheat Ridge (City). We affirm.

Plaintiffs own property in Wheat Ridge. In 1966, prior to the City's incorporation, Jefferson County passed a resolution zoning an area including this property as Commercial-One (C–1). Shortly after incorporation in 1969, the City enacted "Ordinance 11" which adopted the Jefferson County Zoning Maps as the official interim zoning for the City. For some reason, the maps adopted failed to reflect Jefferson County's 1966 zoning decision, but showed plaintiffs' property as Agricultural-One (A–1). In 1972, the City passed Ordinance 98 which repealed Ordinance 11 and enacted "comprehensive zoning regulations" for the City. Ordinance 98 incorporated by reference a new zoning map which showed plaintiffs' property as A–1.

Plaintiffs acquired the property, which included an active truck repair shop, in June of 1979. In November of 1980, the City notified plaintiffs that their truck repair shop was an illegal use of the A–1 zone and could only be allowed under a special use permit in a C–1 zone.

In January of 1981, plaintiffs applied to the City to rezone their property from A–1 to C–1 and for a special use permit to allow the truck repair shop. The Wheat Ridge Planning Commission recommended denial and the City Council dismissed plaintiffs' application. In March 1982 plaintiffs again applied to the City to rezone their property from A–1 to C–1, which request the Planning Commission again denied. Shortly thereafter, without appealing the Planning Commission denial to the City Council, plaintiffs commenced this action seeking a declaratory judgment that the property is zoned C–1 and that truck repair is a permitted use in such zone.

·I.

Plaintiffs are correct in their contention that the trial court erred in concluding, as one of its reasons for dismissal, that plaintiffs had not exhausted their administrative remedies.

■ Here, the dispute did not concern zoning or rezoning, but concerned what zoning actually applied to plaintiffs' property. Thus, there is no administrative remedy to exhaust, and a declaratory judgment action was the appropriate avenue to pursue to settle the controversy. *Norby v. City of Boulder*, 195 Colo. 231, 577 P.2d 277 (1978); *Corper v. City & County of Denver*, 36 Colo.App. 118, 536 P.2d 874 (1975).

II.

Although the trial court's conclusion, requiring exhaustion of administrative remedies, was incorrect, the court nevertheless reached the correct result, even if for the wrong reasons.

■ Here, plaintiffs attacked the validity of Ordinance 98 as it applied to their property, rather than to the correctness of the decision made under the ordinance. They challenged the adequacy of the procedures

followed in its enactment, not the constitutionality of the ordinance itself. However, after long public acquiescence in the substance of an ordinance, public policy does not permit such an attack on the validity of the ordinance because of procedural irregularities. *Edel v. Filer Township,* 49 Mich. App. 210, 211 N.W.2d 547 (1973); *Taylor v. Schlemmer,* 353 Mo. 687, 183 S.W.2d 913 (1944); *Struyk v. Samuel Braen's Sons,* 17 N.J.Super. 1, 85 A.2d 279 (1951); *see also Fifth Church of Christ v. Pigg & Son, Inc.,* 109 Colo. 103, 122 P.2d 887 (1942); I A. *Rathkopf & D. Rathkopf, Law of Zoning & Planning* § 10.14 (4th ed. 1984); I R. *Anderson, American Law of Zoning* § 4.08 (2d ed. 1976).

■ Ordinance 98 had been in effect, guiding the City's development, for over 10 years before plaintiffs' complaint. Thus, there had been extensive public reliance on the ordinance, thereby immunizing it from belated attack on the various procedural grounds which are asserted. *Edel v. Filer Township, supra; Benequit v. Borough of Monmouth Beach,* 125 N.J.L. 65, 13 A.2d 847 (1940); *Ninth Street Improvement Co. v. Ocean City,* 90 N.J.L. 106, 100 A. 568 (1917). Therefore, the trial court was correct in dismissing the complaint.

Judgment affirmed.

TURSI and BABCOCK, JJ., concur.