IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
_____

**WILEY HUTCHERSON,**
**WESTERN TENNESSEE ENTERPRISES,**
**INC., and LANDFILL, INC.,**

    Plaintiffs-Appellants,

Vs.

**ROZELL CRINER, LAUDERDALE**
**COUNTY EXECUTIVE, and the**
**LAUDERDALE COUNTY**
**COMMISSION, acting on behalf**
**of Lauderdale County,**

    Defendants-Appellees.

Lauderdale Chancery No. 9953
C.A. No. 02A01-9807-CH-00216

**FILED**

**July 12, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

FROM THE LAUDERDALE COUNTY CHANCERY COURT
THE HONORABLE WIL V. DORAN, CHANCELLOR


Jerry D. Kizer, Jr., William C. Bell, Jr.;
Rainey, Kizer, Butler, Reviere & Bell, P.L.C. of Jackson
For Appellants


J. Thomas Caldwell of Ripley
Kemper B. Durand, Michael E. Keeney;
Thomason, Hendrix, Harvey, Johnson & Mitchell of Memphis
For Appellees


*AFFIRMED AND REMANDED*

Opinion filed:


                                      **W. FRANK CRAWFORD,**
                                      **PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**

      Plaintiffs-Appellants, Wiley Hutcherson, Western Tennessee Enterprises, Inc., and

Landfill, Inc., appeal the final decree of the trial court dismissing the complaint for declaratory

judgment and injunctive relief against Defendants-Appellees, Rozelle Criner, Lauderdale County

Executive, and the Lauderdale County Commission.

This case arises from Mr. Hutcherson's attempt to construct and operate a commercial, sanitary landfill on a portion of his 322 acre farm known as the Love Farm in Lauderdale County, Tennessee.

In 1984, the Lauderdale County Commission (County Commission) adopted a comprehensive zoning resolution for Lauderdale County. The 1984 Zoning Resolution provided that sanitary landfills were a "use permitted on appeal" in both FAR districts and I districts.[1] A "use permitted on appeal" means that a use is permitted in that district, however, in order to establish such a use, a landowner must submit an application to the Lauderdale County Board of Zoning Appeals (BZA) to obtain approval.[2] At the time of the passage of the 1984 Zoning Resolution, Mr. Hutcherson's farm was zoned FAR, and the only landfill within Lauderdale County was zoned FAR.[3]

Mr. Hutcherson has been involved in the scrap metal business for several years. As part of this business, Mr. Hutcherson utilizes a shredder which processes cars by breaking them into fist-size pieces. This process generates a waste product known as "shredder fluff." Because of a need to dispose of this waste, Hutcherson decided to construct a landfill on his farm. In November 1986, Hutcherson Scrap Company, Inc. was granted a permit from the State of

---

[1] The FAR district is for forestry, agricultural and residential uses, and the I district is for industrial uses.

As for "uses permitted on appeal," the 1984 Zoning Resolution provides in pertinent part:

> D. <u>Uses Permitted on Appeal</u> - In the (FAR) Forestry-Agricultural-Residential District, the following uses and their accessory uses may be permitted subject to approval by the Lauderdale County Board of Zoning Appeals.
> \*　　　　\*　　　　\*
> 8. Sanitary landfill operations, subject to approval of Tennessee Department of Public Health, but not to include hazardous waste or chemical waste landfills. . . .

The same is provided for in I districts.

[2] With regard to the BZA, the 1984 Zoning Resolution provides in pertinent part:

> SECTION 4. <u>Powers</u>. The Board of Zoning Appeals shall have the following powers:
> \*　　　　\*　　　　\*
> B. <u>Uses Permitted on Appeal</u> - To hear and decide applications for uses permitted on appeal as specified in this resolution. . . .

[3] This landfill is currently owned by Lauderdale County.

Tennessee to build this landfill, and, in January 1987, a permit was obtained from the BZA. Shortly thereafter, Mr. Hutcherson constructed this landfill on about 3 to 4 acres of the farm. Neither the State permit nor the BZA permit placed any restrictions on the size of the landfill.

In 1989, Mr. Hutcherson deeded a 9.8 acre parcel of his farm, which encompassed the 3 to 4 acre landfill, to Landfill, Inc., a closely held corporation owned by Mr. Hutcherson and his wife. In 1990, Mr. Hutcherson commenced the process of obtaining a State permit in the name of Western Tennessee Enterprises, Inc. (WTE)[4] for a 184 acre sanitary landfill on the Love Farm. This proposed landfill would be a commercial landfill as opposed to the existing landfill which is a private landfill for shredder fluff.

In August 1991, the County Commission passed an amendment to the 1984 Zoning Resolution. The 1991 Amendment divided the I classification into two districts -- I-1 and I-2.[5] The 1991 Amendment also permitted sanitary landfills as a "use permitted on appeal" in I-2 districts, added the definitions of "Sanitary Landfill - Commercial" and "Sanitary Landfill - Public" to the "Definitions" section, and added standards for sanitary landfills. Furthermore, the County Landfill was rezoned to I-2 by the 1991 Amendment and constituted the only I-2 district in Lauderdale County while Mr. Hutcherson's farm remained zoned as FAR. The County Commission submits that the 1991 Amendment was also intended to remove landfills from FAR districts but that such language was inadvertently omitted.

In December 1991, during Mr. Hutcherson's attempt to obtain a State permit for the 184 acre landfill, the County Commission passed a resolution adopting the "Jackson Law."[6] The

_____

[4] WTE is a closely-held corporation formed by Mr. Hutcherson in 1992 to obtain a permit for and to operate the proposed landfill.

[5] I-1 is a light industrial district, and I-2 is a restricted industrial district.

[6] T.C.A. § 68-211-701 (1996), known as the "Jackson Law," was amended in 1995 and provides as follows:

> No construction shall be initiated for any new landfill for solid waste disposal or for solid waste processing until the plans for such new landfill have been submitted to and approved by:
> (1) The county legislative body in which the proposed landfill is located, if such new construction is located in an unincorporated area;
> (2) Both the county legislative body and the governing body of the municipality in which the proposed landfill is located, if such new construction is located in an incorporated area; or
> (3) Both the county legislative body of the county in which such proposed landfill is located and the governing body of any

3

"Jackson Law" at this time was a state law that allowed counties without county-wide zoning to control landfill development by requiring county approval.[7] Shortly thereafter, the State put WTE's permit application on hold because according to the State's procedure, once the State is put on notice that a county had adopted the "Jackson Law," the State could not review the permit application until the State received notice of county approval.

In an attempt to receive county approval, Mr. Hutcherson was notified by the Lauderdale County Planning Commission (Planning Commission) that he would need to have the 184 acres rezoned to I-2 in order to operate a landfill on such property. In reliance, Mr. Hutcherson submitted an application to the Planning Commission to have this property rezoned. The Planning Commission subsequently voted to recommend denial of the rezoning request to the County Commission. The County Commission then notified Mr. Hutcherson that it would not review his rezoning request until he received a State permit. Thus, Mr. Hutcherson withdrew his rezoning request, and the State subsequently resumed its review of WTE's permit application.

In November 1992, the County Commission passed another amendment to the 1984 Zoning Resolution. The 1992 Amendment removed sanitary landfills from FAR districts as a "use permitted on appeal." As a result, sanitary landfills were only allowed in I-2 districts.

On November 14, 1994, the State issued a permit to WTE for construction and operation of a sanitary landfill on the 184 acre parcel of Love Farm. Following the receipt of the permit, Mr. Hutcherson applied again to the Planning Commission requesting that the 184 acres be rezoned. The Planning Commission once again voted to recommend denial of the rezoning request. Mr. Hutcherson then submitted his request to the County Commission. In October 1995, after a public meeting, the County Commission voted to deny Mr. Hutcherson's rezoning request.

---

municipality which is located within one (1) mile of such proposed landfill.

The County Commission later, on April 10, 1995, adopted the 1995 version of the "Jackson Law." However, the 1995 version is not applicable to Mr. Hutcherson because it is applicable to all permit applications pending on March 15, 1995, and all permit applications filed on or after March 15, 1995. Mr. Hutcherson received his State permit on November 14, 1994.

[7] This earlier version of the "Jackson Law" was not applicable to Lauderdale County because the county had a county-wide zoning scheme at this time.

4

On December 7, 1995, Mr. Hutcherson and WTE filed the subject complaint against Mr. Criner and the County Commission alleging that the actions and omissions by the defendants amounted to unreasonable, arbitrary, and capricious conduct that infringed upon Mr. Hutcherson's and WTE's federal and state constitutional rights.[8] The defendants subsequently filed an Objection to Jurisdiction and Motion to Dismiss based upon a lack of subject-matter jurisdiction. The defendants also filed a motion for summary judgment on grounds that no genuine issue of material fact existed in the case. Concomitantly, the defendants filed an answer to the complaint. Subsequently, Mr. Hutcherson and WTE filed an amended complaint wherein, *inter alia*, the entire zoning scheme of Lauderdale County was alleged to be invalid due to procedural defects. The defendants then filed an answer to the amended complaint.

In the interim between the filing of the suit and the hearing on the matter, the County Commission, on May 13, 1996, "reaffirmed" the 1984 Zoning Resolution as amended.

On March 9, 1998, a non-jury trial commenced. On June 26, 1998, the trial court entered a final decree denying the injunctive relief that would have permitted Mr. Hutcherson to proceed with his proposed landfill. The decree stated:

> 1. The Plaintiff, Wiley Hutcherson, by conveying a portion of the Love Farm, including the existing landfill, to a separate entity, Landfill, Inc., set out the limits of the original landfill permit. Based on the Plaintiff's delineation, the current application for a permit for the proposed landfill is not a valid extension of a pre-existing use. It is ordered that said use is confined to that property currently titled in the name of Landfill, Inc.
>
> 2. Both the 1991 Amendment and the 1992 Amendment which took landfills out of the FAR zoning classification and placed landfills into the new I-2 zoning district, had no rational basis in this case. The Defendants' only purpose in passing the 1991 Amendment and creating the I-2 zoning district was to thwart Mr. Hutcherson in his attempt to obtain approval for his proposed landfill. The creation of the I-2 zoning district was done to affect one specific person -- Mr. Hutcherson. The Defendants' act of placing only the county landfill into the I-2 zoning district is spot zoning and resulted in the fact that Lauderdale County was the only entity allowed to have a landfill in Lauderdale County. In these and other regards, the similarly-situated county landfill was treated differently from Mr. Hutcherson's landfill. Under the facts of this case, the 1991 Amendment violates Article XI, Section 8 of the Tennessee Constitution and the Equal Protection Clause of the United States Constitution; and therefore, the 1991 Amendment is void. Under the facts of this case, the 1992 Amendment, to the extent it took

---

[8] Landfill, Inc. was added by the plaintiffs as a party plaintiff on March 16, 1998.

5

landfills out of the FAR zoning district, also violates Article XI, Section 8 of the Tennessee Constitution and the Equal Protection Clause of the United States Constitution; and therefore, the 1992 Amendment, to the extent it took landfills out of the FAR zoning district, is void. The effect of this finding is that landfills are deemed to be placed back into the FAR zoning district.

3. The 1984 Zoning Resolution is not invalid due to failure to comply with notice, public hearing, and publication requirements or due to the makeup of the Lauderdale County Regional Planning Commission.

4. The 1991 Amendment and the 1992 Amendment are invalid for failure to comply with applicable notice, public hearing, and publication requirements. The 1991 Amendment and 1992 Amendment are not rendered invalid due to the makeup of the Lauderdale County Regional Planning Commission.

5. The 1996 Zoning Amendment and Reaffirmation, to the extent it removed landfills out of the FAR District and placed landfills in the I-2 District, is invalid due to this Court's findings as to the invalidity of the 1991 and 1992 Amendments and due to failure to comply with applicable notice and public hearing requirements.

6. The "Jackson Law" as amended in 1995 and adopted by the Lauderdale County Commission on April 10, 1995, is not applicable to Mr. Hutcherson's proposed landfill.

7. The Lauderdale County Commission's denial of Mr. Hutcherson's rezoning request violated Mr. Hutcherson's constitutional substantive due process rights under the federal and Tennessee constitutions in the following aspects: (a) failure to give proper notice in some instances; (b) failure to give Mr. Hutcherson adequate time at the hearing on the rezoning request to present his case; (c) members of the Lauderdale County Commission had decided against Mr. Hutcherson's rezoning request for personal or political reasons unrelated to the merits of such request even before the hearing was held; (d) several voting members of the Lauderdale County Commission and the Lauderdale County Regional Planning Commission lived near the site of the proposed landfill and had a personal interest in the same; (e) members of the Lauderdale County Commission testified that they voted against the landfill because their constituents did not want a landfill; (f) one member of the Lauderdale County Commission testified that he voted against the landfill because of his personal belief that Mr. Hutcherson had entrapped certain county commission members; (g) it was obvious from the testimony that Mr. Hutcherson never had a chance with regard to his proposed landfill; (h) some members of the Lauderdale County Commission contributed money to a campaign to oppose Mr. Hutcherson's proposed landfill; (i) although they were de facto officers, the makeup of the Lauderdale County Planning Commission violated the requirements of state statutes; and (j) the Lauderdale County Commission did not observe Mr. Hutcherson's rights to the free use and enjoyment of his property.

8. The only valid impediment to this Court's allowing Mr. Hutcherson to build his landfill is the issue of the roads. There was testimony at trial that the roads leading to the landfill were too narrow and winding to accommodate a number of heavily-loaded, large trucks without causing a risk of injury to other motorists. This court finds that the prospect of damage to the road surfaces is not a valid concern or a valid impediment to

Mr. Hutcherson's landfill as the Court finds that it is the county's duty to repair and maintain the roads. However, the Court finds that straightening and widening the existing roads in essence would entail building new roads which the county is under no obligation to do. However, due to the testimony about potential danger to other motorists, this Court denies Mr. Hutcherson's request for injunctive relief and declines to allow Mr. Hutcherson to proceed to construct a landfill. Had there been no testimony about danger to other motorists, and the only testimony had been that the roads were unable to withstand the damage done by the trucks, this Court probably would have held differently, except for the previously described issue concerning the roads which is fairly debatable. . . .

This appeal ensued, and the appellants present the following issues for review as stated in their brief:

1. Whether the trial court erred in failing to hold that the Plaintiffs' proposed landfill expansion would be either a valid, non-conforming use or a valid extension of a conforming use.

2. Whether the trial court erred in failing to hold that the 1984 Zoning Resolution is invalid due to failure to comply with applicable public hearing and publication requirements and/or due to the illegal makeup of the Lauderdale County Planning Commission.

3. Whether the trial court erred in failing to hold that certain amendments to the 1984 Zoning Resolution are invalid due to the illegal makeup of the Lauderdale County Planning Commission.

4. Whether the trial court erred in failing to grant Plaintiffs any relief where the trial court held that Defendants violated Plaintiffs' substantive due process and equal protection constitutional rights.

Because of the nature of the trial court proceedings and the findings of the chancellor, we believe a more logical way to dispose of the issues is collectively.

Since this case was tried by the trial court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

Mr. Hutcherson submits several different arguments for us to consider in finding that the trial court erred by not granting his requested relief. First, Mr. Hutcherson submits that if we affirm the trial court's finding that the 1991 Amendment and the 1992 Amendment are void thus placing sanitary landfills back into FAR districts, his proposed landfill is an extension of a valid, pre-existing, conforming use. Alternatively, he submits that if we reverse the trial court and find that the 1991 Amendment and the 1992 Amendment are valid, then his proposed landfill is a

valid, pre-existing, non-conforming use.

From a review of the record, the evidence does not preponderate against the trial court's finding that Mr. Hutcherson's conveyance to Landfill, Inc. of the 9.8 acre parcel which encompassed the original landfill established the limits of the original landfill permit. Therefore, the proposed landfill in this litigation is not a valid extension of a pre-existing use but is an attempt by Mr. Hutcherson to establish, not expand, a landfill.[9] Thus, with regard to the proposed landfill, the proper procedures must be followed for establishing a new landfill.

Mr. Hutcherson asserts that he was under the impression through the enactment of the amendments and information provided that his property must be rezoned in order to construct the proposed landfill. As such, we must consider Mr. Hutcherson's attacks toward the validity of the entire zoning scheme as established in Lauderdale County. First, he asserts that the 1984 Zoning Resolution is invalid because the proper statutory requirements were not followed with regard to public hearing and publication. Moreover, he contends that the 1984 Zoning Resolution is invalid due to the illegal makeup of the Planning Commission. Thus, according to Mr. Hutcherson, he may construct a landfill on his property since he is not subject to any zoning restriction because there are no zoning districts in Lauderdale County regulating the use of one's property. Second, Mr. Hutcherson argues that the 1991 Amendment and the 1992 Amendment are invalid due to the failure of the County Commission to give proper notice in accordance with the requirements of both the Tennessee Code Annotated and the 1984 Zoning Resolution. He also asserts that the makeup of the Planning Commission was illegal. Therefore, if there is a valid 1984 zoning ordinance, landfills are within FAR districts thereby allowing Mr. Hutcherson to construct his proposed landfill on his property. Finally, Mr. Hutcherson asserts that the 1996 Reaffirmation is invalid for failure to comply with applicable notice, public hearing, and publication requirements and, therefore, the procedural deficiencies of the foregoing enactments were not cured.

The right of a county to enact or amend zoning regulations is based upon powers delegated to it by the state legislature by specific enabling acts. ***State ex rel. Browning-Ferris***

---

[9] It is important to note that the original landfill was constructed and operated for use as a fluff site for Mr. Hutcherson to dispose of waste generated by his scrap metal business. The proposed landfill is a commercial landfill which will receive waste from several different areas and entities.

*Indus. v. Board of Comm'rs*, 806 S.W.2d 181, 187 (Tenn. App. 1990) (citing *Henry v. White*, 194 Tenn. 192, 250 S.W.2d 70 (1951); *State ex rel. Lightman v. City of Nashville*, 166 Tenn. 191, 60 S.W.2d 161 (1933)). There is a presumption in favor of the validity of an ordinance and those questioning its validity have the burden of proof. *Town of Surgoinsville v. Sandidge*, 866 S.W.2d 553, 555 (Tenn. App. 1993) (citing *Balsinger v. Town of Madisonville*, 222 Tenn. 272, 435 S.W.2d 803, 805 (Tenn. 1968); *S & P Enters. v. City of Memphis*, 672 S.W.2d 213, 217 (Tenn. App. 1983)).

T.C.A. § 13-7-101 (1992) provides in pertinent part:

> (a)(1) The county legislative body of any county is empowered, in accordance with the conditions and the procedure specified in this part, to regulate, in the portions of such county which lie outside of municipal corporations, the location, height and size of buildings and other structures, the percentage of lot which may be occupied, the sizes of yards, courts, and other open spaces, the density and distribution of population, the uses of buildings and structures for trade, industry, residence, recreation or other purposes, and the uses of land for trade, industry, residence, recreation, agriculture, forestry, soil conservation, water supply conservation or other purposes. . . .

T.C.A. § 13-7-102 (1992) provides in pertinent part:

> [T]he county legislative body may, by ordinance, exercise the powers granted in § 13-7-101 and, for the purpose of such exercise, may divide the territory of the county which lies within the region but outside of municipal corporations into districts of such number, shape or area as it may determine and within such districts may regulate the erection, construction, reconstruction, alteration and uses of buildings and structures and the uses of land. . . .

Procedures for the enactment of zoning regulations are statutorily prescribed. As for the enactment of the 1984 Zoning Resolution, T.C.A. § 13-7-104 (1980) provided in pertinent part:

> **13-7-104. Method of procedure after certification of plan from commission. --** After the certification of a zone plan from the regional planning commission and before the enactment of any such zoning ordinance, the county legislative body shall hold a public hearing thereon, the time and place of which at least thirty (30) days' notice shall be given by one (1) publication in a newspaper of general circulation in the county. . . . Any such ordinance shall be published at least once in the official newspaper of the county or in a newspaper of general circulation in the county, and shall not be in force until it is so published.

With regard to the 1991 Amendment and the 1992 Amendment, T.C.A. § 13-7-105 (Supp. 1990) and (1992) provided in pertinent part:

> **13-7-105. Amendments of zoning ordinance provisions --**

9

**Procedure.** -- (a) The county legislative body may from time to time amend the number, shape, boundary, area or any regulation of or within any district or districts or any other provision of any zoning ordinance; but any such amendment shall not be made or become effective unless the same be first submitted for approval, disapproval or suggestions to the regional planning commission of the region in which the territory covered by the ordinance is located, and, if such regional planning commission disapproves within thirty (30) days after such submission, such amendment shall require the favorable vote of a majority of the entire membership of the county legislative body.

(b)(1) Except as provided in subdivision (b)(2), before finally adopting any such amendment, the county legislative body shall hold a public hearing thereon, at least thirty (30) days' notice of the time and place of which shall be given by at least one (1) publication in a newspaper of general circulation in the county. Any such amendment shall be published at least once in the official newspaper of the county or in a newspaper of general circulation in the county. . . .

In addition, the 1984 Zoning Resolution provides as follows with regard to amendments:

SECTION 1. Amendments to the Resolution. The regulations and the number, or boundaries of districts established by this resolution, may be amended, supplemented, changed, modified, or repealed by the Lauderdale County Commission; but, in accordance with the Tennessee enabling legislation, no amendment shall become effective unless it is first submitted to and approved by the Lauderdale County Regional Planning Commission or, if disapproved, shall receive a majority vote of the entire membership of the Lauderdale County Commission. Before finally adopting any such amendment, the county court shall hold a public hearing thereon, at least thirty (30) days notice of the time and place of which shall be given by at least one (1) publication in a newspaper of general circulation in the county; and any such amendment shall be published at least once in the official newspaper of the county or in a newspaper of general circulation in the county.

Finally, with regard to the makeup of planning commissions, T.C.A. § 13-3-101 (Supp. 1998) provides in pertinent part:

(c)(2) The commissioner may designate, as members of a regional planning commission, persons who are members of county legislative bodies or of boards of aldermen or commissioners or other municipal legislative bodies; provided, that the members of the regional planning commission so designated from county and municipal legislative bodies shall be less in number than a majority of the commission and that not less than a majority of the members of the commission shall hold no salaried public office or position whatever excepting offices or faculty memberships of a university or other educational institution.

"The procedural steps which the legislatures have put in place in the form of enabling statutes governing the enactment of zoning ordinances usually are regarded as mandatory, and

10

a failure substantially to comply with such requirements renders . . . the zoning ordinance invalid." 83 Am. Jur. 2d *Zoning and Planning* § 581 (1992). In *State ex rel. SCA Chemical Services, Inc. v. Sanidas*, 681 S.W.2d 557 (Tenn. App. 1984), this Court stated:

> "Procedural requirements are considered by the courts to be safeguards against arbitrary exercise of power. Failure to comply with such procedural requirements has been regarded not only as an ultra vires act on the part of municipal legislators, but also as a denial of due process of law. Indeed, a statute or ordinance which fails to require legislative notice and a hearing prior to the enactment of a zoning ordinance may be regarded as invalid for failure to require procedure which comports with due process of law."

*Id.* at 564 (quoting 1 Anderson, American Law of Zoning § 4.03 (1976)).

"The requirements as to the giving of such notices of a hearing upon a petition for an amendment or a change in the zoning regulations must be substantially complied with." *Clapp v. Knox County*, 197 Tenn. 422, 273 S.W.2d 694, 698 (1954). The same is true with regard to the publication requirement. *Id.* at 699.

With regard to the 1984 Zoning Resolution, we agree with the trial court's finding that the 1984 Resolution is not invalid due to failure to comply with the statutory requirements. The evidence does not preponderate against the trial court's findings in this regard. Moreover, "after long public acquiescence in the substance of an ordinance, public policy does not permit such an attack on the validity of the ordinance because of procedural irregularities." *Trainor v. City of Wheat Ridge*, 697 P.2d 37, 39 (Colo. App. 1984) (citing *Edel v. Filer Township*, 49 Mich. App. 210, 211 N.W.2d 547 (1973); *Taylor v. Schlemmer*, 353 Mo. 687, 183 S.W.2d 913 (1944); *Struyk v. Samuel Braen's Sons*, 17 N.J. Super. 1, 85 A.2d 279 (1951)); *see also* 83 Am. Jur. 2d *Zoning and Planning* § 581 (1992). In *Trainor*, the zoning ordinance under attack had been in effect for over ten years before the plaintiffs filed their complaint. Thus, the court held that given the extensive public reliance on the ordinance, such was immunized from a belated attack on various procedural grounds. The same holds true for the 1984 Zoning Resolution that is under attack on procedural grounds by Mr. Hutcherson. The 1984 Zoning Resolution has been in effect for over ten years and has been relied on extensively by the residents of Lauderdale County including Mr. Hutcherson. As such, the 1984 Zoning Resolution is immunized from an attack on procedural grounds.

An analysis of the 1991 amendment is irrelevant due to the fact that the 1991

Amendment did not affect Mr. Hutcherson. The 1991 Amendment only established two new districts within the I classification and did not remove landfills from FAR districts.

However, the same cannot be said about the 1992 Amendment. The 1992 Amendment effectively removed landfills as a "use permitted on appeal" in FAR districts. As a result, landfills were only permitted as a use on appeal in I-2 districts. If the 1992 Amendment was properly enacted, Mr. Hutcherson's efforts were proper in seeking to have his property rezoned in order to construct the proposed landfill on such.

From a review of the record, we concur in the trial court's finding that the 1992 Amendment was not properly enacted due to failure to provide proper notice as required by statute. The notice provided in the local newspaper of the public hearing for the 1992 Amendment stated as follows:

> Pursuant to Tennessee Code Annotated Section 13-7-105 notice is hereby given of a public hearing to be held by the Lauderdale County Legislative Commission on Monday, the 9th day of November, 1992 at 9:00 a.m. in the Lauderdale County Courthouse. The purpose of the hearing is to receive public input into a proposed amendment to the Lauderdale County Zoning Resolution concerning planned residential developments. The amendment applies to residential development on a single tract of land more than 25 acres, developed in conjunction with scenic bluffs, lakes and waterways. The requirements include submission of a site plan to the Lauderdale County Planning Commission before any building permits for construction will be issued. The regulations set forth minimum requirements for density, setbacks, height of structures, access to county roads, and utilities. A copy of the proposed amendment may be viewed in the Office of the Lauderdale County Executive during regular business hours. All interest persons are invited to attend and comment.

As evident from the above-quoted passage, the published notice did not mention that the proposed amendment concerned landfills and the removing of landfills as "uses permitted on appeal" in FAR districts. This notice was misleading and failed to give the necessary information to the interested parties. The publication of a notice of hearing of an amendment for rezoning need not set out the amendment if the publication sets out substantially the time and place of the hearing and a description of the property to be rezoned. *Clapp*, 197 Tenn. 422, 273 S.W.2d 694. Thus, given the contents of the above-quoted notice, the 1992 Amendment is invalid.

We further find that the 1996 Reaffirmation did not cure the procedural deficiencies that

12

accompanied the 1992 Amendment. Where a zoning resolution has been adopted without proper procedure, the procedural defects can be cured by re-enactment of the resolution *by proper procedure*. 83 Am. Jur. 2d *Zoning and Planning* § 583 (1992). What the County Commission attempted to do was to cure any previous procedural deficiencies by re-enacting and re-adopting the entire zoning resolution as amended. However, to properly re-enact the resolution, the procedures as prescribed by T.C.A. § 13-7-104 must be followed which, in pertinent part, requires the county legislative body to a "hold a public hearing thereon, the time and place of which at least thirty (30) days' notice shall be given." Notice of publication and notice of public hearing was published on April 25, 1996 in a newspaper of general circulation in Lauderdale County for a public hearing to be held on May 13, 1996. As evident from the time notice was given and the time the hearing was held, the requisite thirty days' notice was not given. "'Where the enabling act prescribes the time which must elapse between notice and hearing, failure to comply renders a zoning ordinance invalid.'" *Town of Surgoinsville*, 866 S.W.2d at 556 (quoting 83 Am. Jur. 2d *Zoning and Planning* § 589 (1992)). The eighteen days' notice given by the County Commission is insufficient under T.C.A. § 13-7-104 and thus the 1996 Reaffirmation is invalid. In addition, the County Commission's actions with regard to the 1996 Reaffirmation are questionable to say the least given that the timing of such action occurred several months after Mr. Hutcherson filed his complaint.

As a result of the foregoing, sanitary landfills remain a "use permitted on appeal" in FAR districts as provided for in the 1984 Zoning Resolution and as such, Mr. Hutcherson's proposed landfill is a "use permitted on appeal" on his farm. Thus, having already received his permit from the State, Mr. Hutcherson is required to follow the proper procedures to obtain approval from the BZA as provided by the 1984 Zoning Resolution since landfills are a "use permitted on appeal" in FAR districts.

Since no rezoning was necessary, this Court will not review the proceedings that occurred with regard to the County Commission's hearing concerning Mr. Hutcherson's rezoning request.

The trial court denied injunctive relief to plaintiffs and apparently was considering the case as an appeal involving a denial of rezoning. As previously noted, plaintiff's property was properly zoned for such "use permitted on appeal," but plaintiff did not proceed with the required appeal to the BZA. We agree with the trial court's decision to deny injunctive relief but for a

13

different reason. This Court will affirm a decree correct in result but rendered upon different, incomplete, or erroneous grounds. *Gamblin v. Town of Bruceton*, 803 S.W.2d 690, 693 (Tenn. App. 1990). As noted, Hutcherson is required under the existing zoning resolution to proceed with the BZA to obtain a permitted use.

Accordingly, the decree of the trial court is affirmed, and the case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**DAVID R. FARMER, JUDGE**

14