Wiley **HUTCHERSON**, et al.,

v.

**LAUDERDALE COUNTY BOARD OF ZONING APPEALS.**

Court of Appeals of Tennessee, at Jackson.

Feb. 18, 2003 Session.

April 29, 2003.

Application for Permission to Appeal Denied by Supreme Court Oct. 6, 2003.

Jerry D. Kizer, Jr. and Patrick W. Rogers, Jackson, Tennessee, for the appel-

lants, Wiley Hutcherson and Western Tennessee Enterprises, Inc.

J. Thomas Caldwell, Ripley, Tennessee, and Kemper B. Durand and Michael E. Keeney, Memphis, Tennessee, for the appellee, Lauderdale County Board of Zoning Appeals.

**OPINION**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Appellant appeals from a decision of the trial court affirming the Lauderdale County Board of Zoning Appeals denial of an application to use certain property as a sanitary landfill. The BZA and the trial court cited safety concerns as a valid reason to deny Appellant's application. We find that, under the provisions of the ordinance in question, the BZA acted beyond its authority in considering such safety concerns. We therefore reverse the decision of the trial court.

Lauderdale County adopted a countywide zoning plan in December of 1984. The Lauderdale County Board of Zoning Appeals ("BZA") was subsequently established. The BZA was authorized, *inter alia*, to hear and decide applications for uses permitted on appeal as specified in the 1984 zoning resolution.

The 1984 resolution permitted sanitary landfills as "use permitted on appeal" in two (2) of the six (6) zoning districts: the Forestry–Agricultural–Residential District ("FAR") and the Industrial District ("I"). The resolution specifically addressed "[s]anitary landfill operations, subject to approval of Tennessee Department of Public Health ('TDPH') but not to include hazardous waste or chemical waste landfills." Appellants contend that the 1984 resolution does not contain any criteria for

the BZA to use in deciding applications for uses permitted on appeal except for the aforementioned approval of the TDPH, and that once this requirement is met the Board lacks the discretion to deny such an application.

In January, 1987, the BZA authorized Hutcherson Scrap Co. Inc., a corporation partially owned by Appellant, to operate a landfill on the 322 acre tract known as the "Love Farm." Hutcherson Scrap subsequently began operating a landfill on a small portion of the "Love Farm." In 1991, the Appellants filed a landfill permit application with the appropriate State agency, in an attempt to gain approval for the construction of a Class I sanitary landfill and recycling facility on a 184 acre portion of the Love Farm owned by Hutcherson. Their existing landfill was included in this 184 acre parcel of land.

Subsequent to the filing of this application, the Lauderdale County Commission adopted two (2) amendments to the 1984 zoning resolution. The effect of these resolutions was to make landfills permissible only in newly formed industrial zones designated "I–2". The 184 acres upon which the initial Hutcherson landfill sat, and where he hoped to begin operating the new landfill, was a FAR zoned area. Accordingly, Hutcherson filed a petition to have the 184 acres re-zoned as I–2. The petition was tabled pending approval of the landfill and issuance of the necessary permits by the State.

Appellant's proposed landfill was approved by the State in mid-November 1994. Appellant's then resubmitted their petition to re-zone the 184 acre tract of land as I–2. This petition was denied by the Lauderdale County Commission. Appellants appealed that decision, and ultimately this Court held, in *Hutcherson v. Criner*, 11 S.W.3d 126 (Tenn.Ct.App.1999) (*Hutcherson I* ), that sanitary landfills re-mained a "use permitted on appeal" in the FAR district, irrespective of the County's purported amendments. This Court further held that Hutcherson was entitled to and required to follow the proper procedures to obtain approval from the BZA as provided in the 1984 resolution, as landfills were still permitted in the FAR district.

On March 31, 2000, Appellants filed an application with the BZA for use permitted on appeal for the proposed landfill. Per a consent order, issued by the Lauderdale Chancery Court, the BZA was to review the application pursuant to the 1984 Zoning Resolution. A hearing was held before the BZA concerning the application on June 28, 2000. The Board took the issue under advisement. The BZA reconvened on July 26, 2000, at which time concerns were expressed about the ability of the roads surrounding the proposed site to handle the increased traffic which would result if the application were approved. A motion to deny the application was passed unanimously.

On August 25, 2000, Appellants filed a petition for certiorari with the Lauderdale Chancery Court. The court granted the writ, and upon review the trial court found that the BZA did have material evidence to support its decision to deny Appellant's Application for Use Permitted on Appeal (requesting permission to operate a landfill) and that the BZA had not acted arbitrarily or capriciously, or exceeded its jurisdiction in reaching the decision to deny the Appellant's application.

While Appellant raises four issues on appeal, these may be distilled into the following single issue: Whether the trial court erred in affirming the decision of the Lauderdale County Board of Zoning Appeals to deny Appellant's application for use permitted on appeal?

### Standard of Review

██ Under a petition for common law writ of certiorari, a court's review of an administrative agency's decision is limited to a determination of whether the administrative body acted within its jurisdiction or acted illegally, arbitrarily, or capriciously. *Cooper v. Williamson County Bd. of Educ.*, 746 S.W.2d 176, 179 (Tenn.1987).

### The Zoning Ordinance

The zoning ordinance at issue contains the following language:

D. *Uses Permitted on Appeal*—In the (FAR) Forestry–Agricultural–Residential District, the following uses and their accessory uses may be permitted subject to approval by the Lauderdale County Board of Zoning Appeals.

1. Churches, cemetaries, schools, golf courses and country clubs, public and semi-public uses, and public and private recreational uses.

2. Medical facilities.

3. Commercial livestock feeding and sales yards.

4. Riding stables and kennels.

5. Travel trailer parks and marinas.

6. Greenhouses and nurseries.

7. Subsurface extraction of natural mineral resources.

8. *Sanitary landfill operations,* subject to approval of Tennessee Department of Public Health, but not to include hazardous waste or chemical waste landfills.

9. Customary incidental home occupations subject to such conditions as the Board of Zoning Appeals may require in order to preserve and protect the character of the neighborhood in which the proposed use is located and provided further that:

a. Location—the proposed use shall be located and conducted in the principal building only.

b. Principals and employees—the principal and employees engaged in the proposed use shall be residents of the dwelling unit in which the proposed use is located.

c. Floor area—not more than fifteen (15) percent of the total floor area in a dwelling unit shall be devoted to the proposed use, except that up to thirty (30) percent of the total floor area may be devoted to the taking of borders [sic], tourists, or leasing of rooms.

d. Storage—the proposed use shall not be the primary or incidental storage facilities for business, industrial or agricultural activity conducted elsewhere.

e. Visibility—no activity, materials, goods or equipment indicative of the proposed use shall be visible from any public street or alley.

f. Advertising—the proposed use shall advertise by the use of signs on the lot on which the proposed use is located, however, the size of the sign shall not exceed twelve (12) square feet.

g. Undesirable effects—the proposed use shall not generate noise, odor, fumes, smoke, vehicular or pedestrian traffic, nor nuisance of any kind which would tend to depreciate the residential character of the neighborhood in which the proposed use is located.

Appellee asserts that the permissive nature of the language of the ordinance, specifically the phrase *"may* be permitted *subject to* approval," gives the BZA discretion in making their decision by giving "[t]he BZA . . . the ability to consider the evidence and approve or disapprove of the

proposed application." Accordingly, the Appellee asserts that the BZA properly considered the safety concerns which Appellees claim ultimately led the BZA to disapprove Appellant's use of his property as a landfill. We cannot agree.

### The BZA

The Lauderdale County BZA is an administrative body, empowered to make "administrative determinations, judicial or quasi-judicial in nature...." *McCallen v. City of Memphis*, 786 S.W.2d 633, 639 (Tenn.1990) (quoting *Fallin v. Knox County Bd. of Comm'rs*, 656 S.W.2d 338, 342 (Tenn.1983)). As an administrative body, the function of the BZA is to "determin[e] whether or not the [Appellant's requested use] meets the standards of the [zoning] ordinance." *Id.* at 640 (quoting *Mullins v. City of Knoxville*, 665 S.W.2d 393, 396 (Tenn.Ct.App.1983)). *See also Domincovitch v. Wilson County Bd. of Zoning Appeals*, No. M1999–02334–COA–R3–CV, 2000 WL 1657843, at *5, 2000 Tenn.App. LEXIS 735 at *12 (Tenn. Ct.App. Nov.6, 2000) (*no perm. app. filed*) (stating that "all the Board [of Zoning Appeals] can do is determine whether the use requested complies with all current zoning laws...."). "While the BZA has

authority to act under the zoning regulations, it must act 'within existing standards and guidelines.'" *Wilson County Youth Emergency Shelter, Inc. v. Wilson County Bd. of Zoning Appeals*, 13 S.W.3d 338, 343 (Tenn.Ct.App.1999) (quoting *McCallen*, 786 S.W.2d at 639). The "standards and guidelines" of the zoning ordinance in question are as noted above.

Specifically, with respect to landfills such as the one Appellant wishes to operate, the only criteria set forth in the ordinance is that Appellant receive "approval of Tennessee Department of Public Health." Appellant has met that condition. This Court has stated that once an applicant has "go[ne] through the appeal process outlined in the Zoning Ordinance ... and the requested use satisfies all pertinent regulations of the local zoning regulations, [the application] must be granted." *Wilson County Youth Emergency Shelter*, 13 S.W.3d 338 at 342.[1] To hold otherwise would vest the BZA with "the ability to ... enact or amend zoning laws, [a power] not vested in the Board of Zoning Appeals but in a county or municipality's legislative body." *Domincovitch*, 2000 WL 1657843, at *5, 2000 Tenn.App. LEXIS at *12.

---

1. The ordinance in *Wilson* contained the following provision with respect to "uses permissible on appeal:" "RESTRICTIONS. In the exercise of its approval, the Board of Zoning Appeals may impose such conditions regarding the location, character, or other features of the proposed use of land or buildings as it may deem advisable in furtherance of the general purposes of these Regulations." *Wilson*, 13 S.W.3d 338 at 341. This provision allowed the BZA in *Wilson* to consider factors not explicitly enumerated in the ordinance "in the furtherance of the general purposes of these Regulations." *Id.* The ordinance at issue in this case contains no such provision, thereby circumscribing the BZA's discretion. While the announced purpose of the ordinance at issue is to, *inter alia*, "promot[e] the public health, safety, morals, convenience, or-

der, prosperity and general welfare ...." this statement, standing alone, does not empower the BZA to consider factors other than those contained within the ordinance. *See Merritt v. Wilson County Bd. of Zoning Appeals*, 656 S.W.2d 846, 854 (Tenn.Ct.App.1983) (refusing to accept argument that, although all specific criteria for a permissive use had been met, BZA could deny application under the purposes clause of ordinance to protect general welfare. In refusing to accept this argument, the *Merritt* court noted that the purposes were contained in the preamble to the ordinance and that "[i]t is well settled ... that the preamble of a[n] ... ordinance may be looked to in determining its construction but it is not a part of the controlling provisions of the ordinance." *Id.* at 854–55.)

■ The drafters of the zoning ordinance in question could have attached additional conditions to be met before a landfill would be permitted as a use in the FAR zone. They chose not to do so. Their knowledge of the ability to attach such conditions is evident from the numerous conditions placed on use permitted on appeal number nine, which deals with "customary incidental home occupations." "[W]hen the language of a zoning ordinance is clear, the courts will enforce the ordinance as written." *Lions Head Homeowners' Ass'n v. Metro. Bd. of Zoning Appeals*, 968 S.W.2d 296, 301 (Tenn.Ct. App.1997). We find the language of the ordinance at issue to be clear.

In *Hutcherson I* we stated

[S]anitary landfills remain a "use permitted on appeal" in FAR districts ... and as such, Mr. Hutcherson's proposed landfill is a "use permitted on appeal" on his farm. Thus, having already received his permit from the State, Mr. Hutcherson is required to follow the proper procedures to obtain approval from the BZA. ...

*Hutcherson v. Criner*, 11 S.W.3d 126, 134 (Tenn.Ct.App.1999).

■ Mr. Hutcherson has since followed those procedures and is, therefore, entitled to permission to use his property as a landfill. Both the BZA and the trial court found that denial of Appellant's petition was proper for safety reasons. The zoning ordinance, however, contained no provisions for safety, except perhaps those addressed by the State in granting a permit for a landfill. "Therefore, as the Board's jurisdiction is limited to determinations expressly conferred by statute, [*Father Ryan High School, Inc. v. City of Oak Hill*, 774 S.W.2d 184 (Tenn.Ct.App.1988) ], *the board has no authority to require additional conditions not set forth in the zoning ordinances applicable to this case.*"

*Domincovitch*, 2000 WL 1657843, at \*9, 2000 Tenn.App. LEXIS 735 at \*27 (emphasis added). Accordingly, in denying the Appellant's application, the board exceeded the authority conferred upon it by statute, and was without jurisdiction to decide the matter based on safety.

### *Appellee's Res Judicata Argument*

■ Appellee argues that "[t]he finding of unsuitability of the county roads for a landfill and resulting danger to the public [was] decided" in the case appealed from in *Hutcherson I*. Therefore, Appellee asserts, "[t]he Chancellor's finding in that case is res judicata [as to the issue of safety] and is conclusive on this appeal." Because we hold today that, based on the clear language of the ordinance, safety factors are not to be considered by the BZA, this argument has no bearing upon our decision.

### *Conclusion*

In denying Mr. Hutcherson's application, based on conditions not set forth in the ordinance, the BZA exceeded its jurisdiction. Accordingly, the decision of the trial court affirming the BZA's action is reversed. The costs of this appeal are taxed to the Lauderdale County Board of Zoning Appeals, for which execution, if necessary, may issue.