IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 6, 2003 Session

## METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY v. MARGARET HUDSON

### Direct Appeal from the Chancery Court for Davidson County
No. 98-406I   Irvin H. Kilcrease, Jr., Chancellor

_____

### No. M2002-02847-COA-R3-CV - Filed December 30, 2003

_____

This case involves an appeal from the trial court's grant of Appellee's motion for summary judgment. Appellee filed suit seeking to enjoin Appellant to remove vinyl siding that she had installed on her house in violation of a historic zoning ordinance. Appellant counter-complained alleging that the ordinance was void and unenforceable on grounds that the ordinance was unconstitutional and never properly adopted. Appellee subsequently moved for summary judgment which the trial court granted. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and WILLIAM CAIN, J., joined.

Joseph H. Johnston and Marbut Glenn Gaston, Jr., Nashville, Tennessee, for the Appellant, Margaret Hudson.

Lora A. Barkenbus, Metropolitan Attorney, Nashville, Tennessee, for the Appellee, Metropolitan Government of Nashville and Davidson County.

### OPINION

In 1982, Defendant/Appellant, Margaret Hudson (Mrs. Hudson) bought a house located on White Avenue (White Ave. property) in Nashville, Tennessee, as an investment property. During all times pertinent to this case, Mrs. Hudson lived in another Nashville home (Lawrence Ave. property) located some fifteen blocks away from the White Ave. property. On November 19, 1985, the Metropolitan Council passed a bill creating the Woodland-in-Waverly Historic District that would include the White Ave. property. That bill was signed by the Mayor of Nashville on November 25, 1985, and by the language of the ordinance became effective five days after its passage, November 30, 1985. On November 25, 1985, the Metropolitan Historic

Zoning Commission (MHZC) adopted the Woodland-in-Waverly Historic Zoning Design Guidelines. These guidelines prohibited the installation of vinyl siding on houses located within the district.

In late May or early June of 1996, Mrs. Hudson hired a contractor, Southern Aluminum Company, to install vinyl siding on the White Ave. property.[1] On February 10, 1998, the Metropolitan Government of Nashville and Davidson County (Metro) filed suit against Mrs. Hudson seeking to enjoin her to remove the vinyl siding. On December 13, 2000, Mrs. Hudson answered and counter-complained arguing that the guidelines were void because they had never been adopted by Metro, were unconstitutionally vague, that enforcement amounted to a taking without compensation, and violated her right to due process under the Fourteenth Amendment because she never received notice of their adoption.

Metro filed a motion for summary judgment. Accompanying the motion was the affidavit of the director for the MHZC. In the affidavit, the director recounted the forms of notice given to residents of the Woodland-in-Waverly district: In 1983, the Metropolitan Historical Commission had its first public meeting in the Woodland-in-Waverly neighborhood to discuss possible historic zoning status. On May 28, 1985, the MHZC mailed an information packet on the historic zoning including draft guidelines to all of the proposed district's residents and announced a public hearing set for June 13, 1985, to discuss the designation and review guidelines. In addition to the June MHZC public hearing, the Davidson County Metropolitan Council held a public hearing on November 5, 1985. On November 25, 1985, the guidelines for the historic district were adopted at a public meeting of the MHZC. Upon adoption, notices were distributed around the neighborhood informing the residents of the historic designation and procedures for applying for a certificate of appropriateness before changing the exterior of any structure. Notice of the newly formed zoning district ran in the Tennessean newspaper. In another affidavit filed with the court, Mrs. Hudson stated that she had never been informed of the historical designation. Mrs. Hudson further stated that the White Ave. property mailing address on file with Metro's Property Assessor and Trustee was her Lawrence Ave. property address, where she was currently residing, as opposed to the property's actual address, which was attached to the mailing list of the original notices.

The trial court granted Metro's motion for summary judgment. The trial court specifically found that the historic zoning guidelines were properly adopted and enforceable, that Mrs. Hudson's house was located within the historic district, that the guidelines prohibited the installation of vinyl siding, and that Mrs. Hudson's installation of vinyl siding, after the guidelines were adopted, violated the zoning ordinance. In an amended order, the trial court dismissed Mrs. Hudson's claims contained in the counter-complaint, finding them not meritorious.

---

[1] The Metropolitan Government of Nashville and Davidson County originally brought actions against Mrs. Hudson and Southern Aluminum Company seeking to enjoin both from violating the zoning ordinance. Southern Aluminum Company was dismissed from the current action by a summary judgment order entered by the trial court.

**Issues Presented**

Mrs. Hudson raises the following issues, as we perceive them, for review by this Court:

1.       Whether failure to mail notices of public hearing on the establishment of a historic district, and on the subsequent adoption of review guidelines to Mrs. Hudson's correct address, as required by Article XV of the Metropolitan Zoning Code, constitutes a denial of due process, guaranteed under the Fourteenth Amendment of the United States Constitution and Article I, Section 8 of the Tennessee Constitution.

2.       Whether the Historic Zoning Enabling Statutes, which authorize the MHZC to adopt review guidelines of the appropriateness of improvements to property within a historic district prior to the establishment of the historic district require that the review guidelines be adopted prior to the legislative establishment of the historic district. ___

**Standard of Review**

This Court must decide whether it was error for the trial court to award summary judgment to Metro. Summary judgment should be awarded when the moving party can demonstrate that there are no genuine issues regarding material facts and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). Mere assertions that the non-moving party has no evidence does not suffice to entitle the moving party to summary judgment. *McCarley*, 960 S.W.2d at 588. The moving party must either conclusively demonstrate an affirmative defense or affirmatively negate an element which is essential to the non-moving party's claim. *Id.* If the moving party can demonstrate that the non-moving party will not be able to carry its burden of proof at trial on an essential element, summary judgment is appropriate. *Id.*

This Court reviews an award of summary judgment *de novo*, with no presumption of correctness afforded to the trial court. *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002). In determining whether to award summary judgment, we must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in favor of the non-moving party. *Staples v. CBL & Assocs.*, 15 S.W.3d 83, 89 (Tenn. 2000). Summary judgment should be awarded only when a reasonable person could reach only one conclusion based on the facts and inferences drawn from those facts. *Id.* If there is any doubt about whether a genuine issue of material fact exists, summary judgment should not be awarded. *McCarley*, 960 S.W.2d at 588.

## Notice

Mrs. Hudson argues that the MHZC's forms of notice did not comply with the Metropolitan Code of Nashville and Davidson County (Metropolitan Code) and, as a result, constitute a denial of due process under the Tennessee and United States Constitutions. Tennessee Code Annotated § 13-7-406 (1999) addresses the notice and public hearing required for adoption of historic zoning review guidelines. It provides, in pertinent part:

> [p]rior to the establishment of any historic district or zone, the historic zoning commission . . . shall adopt for each such proposed district or zone a set of review guidelines . . . . Reasonable public notice and opportunity for public comment, by public hearing or otherwise, shall be required before the historic zoning commission or the regional historic zoning commission adopts any such review guidelines.

The Metropolitan Code has further defined "reasonable public notice" in Article XV. *See* Code of the Metropolitan Government of Nashville and Davidson County, Tennessee, Article XV (1991). For the notice requirements of Article XV to apply, some other provision of the Metropolitan Code must require a public hearing. *Id.* § 17.40.700. Section 17.40.410(B) of Article IX, Historic Zoning Commission, requires that "[t]he historic zoning commission shall adopt design guidelines for each historic overlay district . . . . A *public hearing* following the applicable public notice requirements of Article XV of this chapter shall precede the adoption of all design review guidelines by the historic zoning commission." *Id.* § 17.40.410(B) (emphasis added). Consequently, Article XV requires that:

> [17.40.710 Notice by newspaper:] [n]o public hearing shall be conducted unless notice has been given in one or more daily newspapers of general circulation in Davidson County no less than twenty-one days nor more than thirty days prior to the public hearing.
> [17.40.720 Notice by mail:] [n]o public hearing shall be conducted unless, at least twenty-one days prior to the public hearing, the owner(s) of the subject property and all other property owners within the distances prescribed by this article have been given notice by mail of the time, date and place of the public hearing.

In this case, the only evidence in the record of notice by newspaper was the publication of the adoption of the historical zoning designation rather than the required newspaper notice of a public hearing for comment on review guidelines. As a result, MHZC failed to meet the notice by newspaper requirement of § 17.40.710. Further, the affidavit of the director for the MHZC stated that notices of public hearing, scheduled for June 13, 1985, accompanied by draft review guidelines were mailed on May 28, 1985. Accordingly, MHZC's notice by mail does not meet the twenty-one day notice requirement of § 17.40.720.

However, "'after long public acquiescence in the substance of an ordinance, public policy does not permit . . . an attack on the validity of the ordinance because of procedural irregularities.'" *Hutcherson v. Criner*, 11 S.W.3d 126, 134 (Tenn. Ct. App. 1999) (quoting *Trainor v. City of Wheat Ridge*, 697 p.2d 37, 39 (Colo. Ct. App. 1984)) (citing *Edel v. Filer Township*, 211 N.W.2d 547 (Mich. Ct. App. 1973); *Taylor v. Schlemmer*, 183 S.W.2d 913 (Mo. 1944); *Struyk v. Samuel Braen's Sons*, 85 A.2d 279 (N.J. Super. Ct. App. Div. 1951)); *see also* 83 Am. Jur. 2d *Zoning and Planning* § 511 (2003) (stating that a protracted delay may prevent a party from challenging a legislative body's failure to comply with the notice requirements of an enabling statute); *Schlemmer*, 183 S.W.2d at 915-16 (holding that the city's failure to comply with the notice requirements of its zoning ordinance's enabling act was a procedural defect which could not be challenged twelve years after its adoption). In *Criner*, this Court used ten years as the benchmark duration to immunize a zoning ordinance from procedural attack. *Criner*, 11 S.W.3d at 135. The rationale behind such immunity is the extensive public reliance on the zoning ordinance resulting from a long duration of acquiescence. *Id.* In this case, the historic designation and review guidelines were adopted in 1985 and were first challenged by Mrs. Hudson in December of 2000 in her counter complaint. This delay, well over ten years, prevents Mrs. Hudson from challenging the MHZC's failure to comply with the procedural notice requirements enumerated in the Metropolitan Code. Accordingly, the trial court's grant of Metro's motion for summary judgment dismissing Mrs. Hudson's constitutional claims is affirmed.

## Timing of Adoption

Mrs. Hudson next argues that the historic designation of the Woodland-in-Waverly district and its applicable review guidelines are not enforceable because their adoption did not comply with Tenn. Code Ann. § 13-7-406 (1999). This section provides that "[p]rior to the establishment of any historic district or zone, the historic zoning commission . . . also shall adopt for each such proposed district or zone a set of review guidelines . . . ." Assuming *arguendo* that Metro did not comply with the statute in its adoption of the guidelines and designation, Mrs. Hudson's delay in challenging the procedural defects of the zoning ordinance's adoption immunizes it from attack. *Criner*, 11 S.W.3d at 134-35. Accordingly, the trial court's grant of Metro's motion for summary judgment on the validity of the historic zoning ordinance's adoption is affirmed.

## Conclusion

In light of the foregoing, we affirm the trial court's grant of Metro's motion for summary judgment and dismissal of Mrs. Hudson's constitutional counterclaims. Costs of this appeal are taxed to the Appellant, Margaret Hudson, and her surety, for which execution may issue if necessary.

DAVID R. FARMER, JUDGE