IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 26, 2008 Session

## METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY
v.
## MARGARET HUDSON

Appeal from the Chancery Court for Davidson County
No. 98-406-I (III)    Ellen H. Lyle, Chancellor

No. M2007-01304-COA-R3-CV - Filed September 17, 2008

This is an appeal from an award of discretionary costs. The defendant owned a rental house in an historic district. She violated the historic district's design guidelines by having vinyl siding installed on the house. The plaintiff filed a lawsuit to require the homeowner to remove the siding. The plaintiff was granted summary judgment, from which the defendant homeowner appealed. In the first appeal of this case, the grant of summary judgment was affirmed. After remand, the defendant homeowner failed to remove the siding, so the plaintiff filed a petition for contempt. After a hearing, the trial court found that the homeowner had the financial resources to have the siding removed, so it ordered the homeowner to (1) retain a contractor and (2) remove the siding. The homeowner was required to notify the court upon completion of both steps. The siding was removed. Once the house was brought into compliance, the plaintiff filed a proposed "order closing the file." The trial court granted the motion. Within thirty days after entry of this order, the plaintiff filed a motion for an award of its discretionary costs. The homeowner opposed the motion, arguing that the plaintiff's motion for discretionary costs was untimely, and that the order requiring compliance was the final order, not the "order closing the file." The trial court awarded the plaintiff its discretionary costs, and the homeowner appealed. We affirm, finding that the motion for discretionary costs was timely filed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Joseph Howell Johnston and Marbut Glenn Gaston Jr., Nashville, Tennessee, for the appellant, Margaret Hudson

Sue B. Cain, Director of Law, Lora Barkenbaus Fox, and Paul Jefferson Campbell II, Nashville, Tennessee, for the appellee Metropolitan Government of Nashville and Davidson County

**OPINION**

This is the second appeal in this case. Defendant/Appellant Margaret Hudson ("Ms. Hudson") owned a home located in the Woodland-in-Waverly Historic District of Nashville, Tennessee. As of 1996. the historic zoning overlay and design guidelines for the area prohibited the installation of vinyl siding on houses located in the Historic District. In 1996, Ms. Hudson had vinyl siding installed on her home, in violation of the design guidelines. In 1998, when Plaintiff/Appellee Metropolitan Government of Nashville and Davidson County ("Metro Government") learned that Ms. Hudson installed vinyl siding in violation of the Historic District design guidelines, Metro Government filed a lawsuit seeking an injunction to required Ms. Hudson to remove the vinyl siding.

On September 6, 2002, the trial court granted Metro Government's motion. It found that the design guidelines were valid and enforceable, and had been in place when Ms. Hudson installed the vinyl siding. Therefore, it issued an injunction requiring Ms. Hudson to remove the vinyl siding. Ms. Hudson appealed to this Court, and we affirmed the grant of summary judgment. ***Metro. Gov't of Nashville & Davidson County v. Hudson***, 148 S.W.3d 907, 912 (Tenn. Ct. App. 2003); *perm. app. denied* (June 21, 2004); *cert. denied*, 543 U.S. 1049 (2005). Ms. Hudson sought permission to appeal to the Tennessee Supreme Court; it was denied. She then sought a writ of certiorari from the United States Supreme Court. This request was denied as well.

By August 2005, Ms. Hudson had yet to remove the vinyl siding, so Metro Government filed a petition for contempt. On January 4, 2006, the trial court entered an order stating that the court needed more facts "to wisely resolve [Metro Government's] petition for contempt." Toward this end, the trial court ordered the parties to exchange written discovery on several issues, including Ms. Hudson's physical health (she was 85 at the time), her financial resources, and the cost of removing the siding. Recognizing that restrictive zoning can place a burden on the elderly, the trial court further stated, "In addition to the contempt petition, and while the attorneys are investigating and obtaining information for a hearing on the contempt, the Court is also considering other remedies to take into account the homeowner's physical and financial condition and yet, nevertheless, effect compliance with the law." An evidentiary hearing was held on July 6, 2006, and the trial court issued its order that same day.

In its July 6 order, the trial court first found that Ms. Hudson had sufficient financial resources to remove and replace the vinyl siding. In light of this finding, the trial court set up a schedule for bringing Ms. Hudson's house into compliance with the Historic District's design guidelines. Under the trial court's schedule, Ms. Hudson was required to retain a contractor by September 22, 2006, and have the siding completely removed by December 8, 2006. Upon completion of each task, Ms. Hudson was required to provide notice to the court. The trial court gave Metro Government until January 26, 2007 to inspect the removal of the siding and file a report on any lingering issues. Court costs and filing fees were assessed against Ms. Hudson.

The siding was removed, and all of the required notices were filed on time, in compliance with the July 6 order. On March 23, Metro Government filed a proposed "Order Closing File." The

trial court entered this order on March 29, 2007. The order stated, "As no issues remain for the Court to resolve, it is ORDERED that this matter is dismissed and this file shall be closed. Costs are taxed to Defendant."

On April 30, 2007, Metro Government filed a motion for discretionary costs pursuant to Rule 54.04(2) of the Tennessee Rules of Civil Procedure;[1] it sought costs for court reporter fees and expert witness fees in the amount of $462.00. Ms. Hudson opposed the motion, asserting that it was not filed within thirty days after entry of the final order, as required in Rule 54.04. She argued that the July 6 order was the trial court's final judgment, and that the motion for discretionary costs was not filed within thirty days of its entry, as required. Despite Ms. Hudson's opposition, the trial court granted the motion for discretionary costs. From this order, Ms. Hudson now appeals.

On appeal, Ms. Hudson argues that the trial court erred by finding that the motion for discretionary costs was timely filed. As only legal issues are concerned, our review of the award is *de novo* on the record, with no presumption of correctness. ***Campbell v. Fla. Steel Corp.***, 919 S.W.2d 26, 35 (Tenn. 1996).

Rule 54.04 of the Rules of Civil Procedure requires that a motion for discretionary costs be filed "within thirty (30) days after entry of judgment." Tenn. R. Civ. P. 54.04(2). As used in the Rules, the term "judgment" refers to "a decree and any order from which an appeal lies." Tenn. R. Civ. P. 54.01. Therefore, to determine whether Metro Government's request for discretionary costs was timely filed, we must ascertain whether an appeal lay from the July 6 order.

There are several routes for appeal to this Court. Generally, our jurisdiction is limited to appeals from a final judgment, which by definition is a judgment that adjudicates all claims, counterclaims, cross-claims, and third-party claims of all parties involved in the case. Tenn. R. App. P. 3(a); Tenn. R. Civ. P. 54.02. The trial court may direct entry of a final judgment when fewer than all of the claims are adjudicated "but only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Tenn. R. Civ. P. 54.02. An appeal from a final judgment is an appeal "as of right." Tenn. R. App. P. 3(a).

---

[1] Rule 54.04(2) states:

> Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. Discretionary costs allowable are: reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions (or stipulated reports) and for trials, reasonable and necessary interpreter fees for depositions or trials, and guardian ad litem fees; travel expenses are not allowable discretionary costs. Subject to Rule 41.04, a party requesting discretionary costs shall file and serve a motion within thirty (30) days after entry of judgment. The trial court retains jurisdiction over a motion for discretionary costs even though a party has filed a notice of appeal.

Tenn. R. Civ. P. 54.04(2).

Interlocutory appeals, governed by Rules 9 and 10 of the Rules of Appellate Procedure, are permissive, not as of right. Rule 9 requires the appellant to obtain permission from both the trial court and Court of Appeals. Tenn. R. App. P. 9(a). Rule 10 requires only the permission of the Court of Appeals. Tenn. R. App. 10(a). As neither party sought permission to appeal the July 6 order under either Rule 9 or 10, we limit our remaining discussion to whether an appeal lay from the July 6 order "as of right."

From our review of the record, the July 6 order did not adjudicate all of the claims, rights, and liabilities at issue. In its January 4 order, the trial court reserved judgment on the contempt petition because it needed more facts to render its decision. The July 6 order, held after the evidentiary hearing, set forth a schedule for Ms. Hudson's compliance with the injunction, and required the parties to report to the court at regular intervals.

We surmise from the record that the trial court, in its wisdom, was sensitive to Ms. Hudson's physical and economic limitations. This was balanced against the trial court's obligation to enforce the original injunction. The trial court gave Ms. Hudson another chance to comply with the injunction, but retained contempt as an option if Ms. Hudson failed to do so. The July 6 order, therefore, was not final because it did not fully adjudicate the petition for contempt.

The final judgment in this matter was the order closing the file, entered on March 29, 2007. At that point, Ms. Hudson had removed and replaced the siding in accordance with the injunction, and there were no further issues remaining for adjudication. The motion for discretionary costs was filed thirty days after the March 29 order. Accordingly, the motion was timely pursuant to Rule 54.04, and the trial court did not err in awarding Metro Government its discretionary costs.

The decision of the trial court is affirmed. Costs on appeal are taxed to the Appellant, Margaret Hudson, and her surety, for which execution may issue if necessary.

 

_____
HOLLY M. KIRBY, JUDGE